APPEAL,CLOSED,SCA−SW,Sealed_Case

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: 1:22−sc−02144−BAH *SEALED*

FORENSIC COPY OF THE DEVICE IDENTIFIED IN ATTACHMENT A
Assigned to: Chief Judge Beryl A. Howell
Case in other court:  23−03001
Cause: Civil Miscellaneous Case

Date Filed: 08/18/2022
Date Terminated: 12/29/2022
Jury Demand: None
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**In Re**

**FORENSIC COPY OF THE DEVICE IDENTIFIED IN ATTACHMENT A**

**Interested Party**

**UNITED STATES OF AMERICA**          represented by    **Thomas Windom**
555 Fourth Street NW
Washington, DC 20530
202−252−7846
Email: thomas.windom@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Adam Duree**
U.S. DEPARTMENT OF JUSTICE
Money Laundering and Asset Recovery Section
1400 New York Avenue, NW
Washington, DC 20530
202−616−2660
Email: timothy.duree2@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**REPRESENTATIVE SCOTT G. PERRY**          represented by    **John S. Irving , IV**
EARTH & WATER LAW LLC
1455 Pennsylvania Avenue, N.W., Suite 400
Washington, DC 20004
301−807−5670
Email: jirving1@verizon.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John P. Rowley , III**
JPROWLEY LAW PLLC

8639 Chase Glen Circle
Fairfax Station, DC 22039
(703) 402−8800
Email: john.rowley@jprowleylaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 08/18/2022 | 1 | | APPLICATION for Search/Seizure Warrant by USA pursuant to 18 U.S.C. 2703(a), 2703(b)(1)(A), and 2703(c)(1)(A) filed by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A)(zstd) (Entered: 08/18/2022) |
| 08/18/2022 | 2 | | MOTION to Seal Case by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(zstd) (Entered: 08/18/2022) |
| 08/18/2022 | 3 | | ORDER granting 2 Motion to Seal Case. Signed by Chief Judge Beryl A. Howell on August 18, 2022. Counsel has been notified electronically. (lcbah4) (Entered: 08/18/2022) |
| 08/18/2022 | 4 | | SEARCH WARRANT ISSUED BY Chief Judge Beryl A. Howell on August 18, 2022. Signed by Chief Judge Beryl A. Howell on August 18, 2022. Counsel has been notified electronically.(lcbah4) (Additional attachment(s) added on 10/17/2022: # 1 Exhibit) (zstd). (Entered: 08/18/2022) |
| 10/05/2022 | 5 | | NOTICE of Appearance by John P. Rowley, III on behalf of REPRESENTATIVE SCOTT G. PERRY. (zhsj) (Entered: 10/06/2022) |
| 10/05/2022 | 6 | | NOTICE of Appearance by John S. Irving, IV on behalf of REPRESENTATIVE SCOTT G. PERRY. (zhsj) (Entered: 10/06/2022) |
| 10/06/2022 | 7 | | MOTION for Extension of Time to Comply With the Conditions of the Search Warrant Issued on August 8, 2022 by REPRESENTATIVE SCOTT G. PERRY. (Attachments: # 1 Text of Proposed Order)(zhsj) (Entered: 10/06/2022) |
| 10/06/2022 | | | MINUTE ORDER: The Court ORDERS the government to file any response to Representative Scott G. Perry's 7 Motion for Extension of Time to Comply with the Conditions of the Search Warrant Issued on August 8, 2022 by October 11, 2022; and FURTHER ORDERS Rep. Perry to file any reply in support of his Motion by October 13, 2022. So ORDERED, by Acting Chief Judge James E. Boasberg on 10/6/2022. Counsel has been notified electronically.(znbn) (Entered: 10/06/2022) |
| 10/11/2022 | 8 | | Memorandum in opposition to 7 Motion for Extension of Time to filed by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(zstd) (Entered: 10/12/2022) |
| 10/13/2022 | | | NOTICE of Hearing on Motion. The parties shall take notice that a Motion Hearing on Representative Scott G. Perry's 7 MOTION for Extension of Time to Comply With the Conditions of the Search Warrant Issued on August 8, 2022, is scheduled for Tuesday, October 18, 2022, at 10:00 AM in Courtroom 22A− In Person before Chief Judge Beryl A. Howell. (ztg) (Entered: 10/13/2022) |
| 10/13/2022 | 9 | | REPLY to opposition to motion re 7 MOTION for Extension of Time to Comply With The Conditions Of The Search Warrant Issued On August 18, |

| | | | |
|---|---|---|---|
| | | | 2022. filed by REPRESENTATIVE SCOTT G. PERRY. (zstd) (Entered: 10/14/2022) |
| 10/14/2022 | | | MINUTE ORDER (paperless), DIRECTING, upon consideration of REPRESENTATIVE SCOTT G. PERRY's 7 Motion for Extension of Time to Comply with the Conditions of the Search Warrant Issued on August 18, 2022 ("Perry's Mot."), and to facilitate evaluation of PERRY's request for further delay in complying with the court−ordered protocol, *see* 4 Search Warrant for PERRY's personal cell phone ("SUBJECT PHONE"), dated Aug. 18, 2022, Attachment C, that by October 17, 2022 at 3 PM, PERRY submit:<br><br>1. The total number of records on the SUBJECT PHONE that been reviewed and (a) withheld as subject to the Speech or Debate privilege; (b) determined not to be subject to the Speech or Debate privilege; (c) withheld on the basis of a privilege other than the Speech or Debate privilege; and (d) as to records in 1(c), identify the specific privilege and the number of records withheld for each such claimed privilege other than the Speech or Debate privilege.<br><br>2. The total number of records on the SUBJECT PHONE that have not been reviewed to date and have been withheld (a) as potentially subject to the Speech or Debate privilege; (b) as potentially subject to a privilege other than the Speech or Debate privilege; and (c) as to records in 2(b), identify the specific privilege and the number of records withheld for each such claimed privilege other than Speech or Debate privilege.<br><br>3. Clarify the apparent discrepancies in total numbers of documents, as set out in PERRY's Motion, which states, variously: (a) "a set of 14,489 documents requiring review for Speech or Debate privilege," Perry's Mot. at 5; (b) the color−coded chart with 17 categories of communications, totaling 21,496 documents, *id.* at 6; and (c) the "log of 12,318 documents" provided to the government on October 5, 2022 "as the documents that fell within the categories of information that counsel believed would be subject to the Speech or Debate privilege," *id.* at 7; *see also* [8−4] Gov't's Opp'n Ex. 4.<br><br>4. Identify the evidentiary privilege that PERRY believes would prevent the government from reviewing "otherwise personal and confidential" records, Perry's Mot. at 2, and "private communications with close family and friends," *id.* at 13, that otherwise fall within the scope of the Search Warrant. Signed by Chief Judge Beryl A. Howell on October 14, 2022. Counsel has been notified electronically.(lcbah4) (Entered: 10/14/2022) |
| 10/14/2022 | | | Set/Reset Deadlines: Response to Order of the Court due by 3:00 PM on 10/17/2022. (ztg) (Entered: 10/14/2022) |
| 10/17/2022 | | 10 | RESPONSE TO ORDER OF THE COURT re Order dated 10/14/2022 filed by REPRESENTATIVE SCOTT G. PERRY. (zstd) (Entered: 10/17/2022) |
| 10/18/2022 | | | Minute Entry for proceedings held before Chief Judge Beryl A. Howell: Motion Hearing held on 10/18/2022 re 7 MOTION for Extension of Time to Comply With the Conditions of the Search Warrant Issued on August 8, 2022, filed by REPRESENTATIVE SCOTT G. PERRY. (Order forthcoming). (Court Reporter Elizabeth Saint−Loth.) (ztg) (Entered: 10/18/2022) |

3

| | | | |
|---|---|---|---|
| 10/18/2022 | | | MINUTE ORDER (paperless) DIRECTING, upon consideration of the parties' briefing and arguments to the Court at the October 18, 2022, hearing on Representative Scott G. PERRY's 7 Motion for Extension of Time to Comply with the Conditions of the Search Warrant, that:<br><br>A. **By October 18, 2022 at 6 PM**, Rep. PERRY shall provide to the government: (1) a privilege log ("Oct. 18 Privilege Log") identifying each record by date, recipients, sender, and subject matter, as required under Attachment C to the 4 August 18, 2022 Search Warrant, for the 1,041 records he has reviewed and the 33 records in the "Notes" category of extracted information from his personal cell phone ("Subject Phone") that he believes are subject to the Speech or Debate Clause privilege; and<br>(2) submit to the government the following records which Rep. Perry does not claim are protected by the Speech or Debate Clause privilege: (a) 3,788 records already reviewed by Mr. Perry's counsel; (b) 1,076 records classified as "Junk" in the summary chart on page 6 of Rep. Perry's 7 Motion; (c) records contained in the 29 categories on page 4 − 5 of his 7 Motion, which he has not sought to review and which he concedes are unlikely to contain privileged materials; and (d) records from the "Notes" category of extracted information from the Subject Phone not subject to the Speech or Debate Clause privilege.<br><br>B. *By Friday, October 21, 2022, at noon, the GOVERNMENT shall file with the Court a submission addressing:*<br>*(1) which, if any, of the records identified on the Oct. 18 Privilege Log the government believes are not subject to the Speech or Debate Clause privilege; and*<br>*(2) whether (a) the Speech or Debate Clause privilege applies to communications found on the personal cell phone of a Member of Congress; (b) the presence of non−legislative third parties to communications otherwise subject to the Speech or Debate Clause privilege vitiates that privilege; (c) the crime−fraud exception is invoked here and, if so, applies to the Speech or Debate Clause privilege. By Monday, October 24, 2022, at 2 PM, Rep. PERRY shall file any opposition to the government's submission; and by Wednesday, October 26, 2022, at 2 PM, the government shall submit any reply.*<br><br>C. *Beginning Monday, October 24, 2022, Rep. PERRY shall conduct review, at a rate of 800 records per business day, of the remaining 9,660 records to determine whether he asserts the Speech or Debate Clause privilege as to any record. On Friday, October 28, 2022, and every Friday thereafter, until review of the extracted information from the Subject Phone is complete, Rep. Perry shall provide to the government a privilege log, as required under Attachment C to the 4 August 18, 2022 Search Warrant, identifying any record as to which he asserts the Speech or Debate Clause privilege. In the event that the government objects to the assertion of privilege as to any record, the parties shall confer on a briefing schedule and submit the dispute and proposed briefing schedule to the Court to resolve the dispute. Signed by Chief Judge Beryl A. Howell on October 18, 2022. Counsel has been notified electronically.(lcbah4)* (Entered: 10/18/2022) |
| 10/19/2022 | 11 | | JOINT MOTION to Modify Briefing Schedule by REPRESENTATIVE SCOTT G. PERRY, UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(zstd) (Entered: 10/19/2022) |

4

| | | | |
|---|---|---|---|
| 10/19/2022 | | | MINUTE ORDER (paperless) GRANTING IN PART and DENYING IN PART Representative Scott G. PERRY's 7 Motion for Extension of Time to Comply with the Search Warrant, as reflected in the Court's Oct. 18, 2022 Minute Order and for the reasons stated on the record at the October 18, 2022 hearing on Rep. Perry's Motion. Signed by Chief Judge Beryl A. Howell on October 19, 2022. Counsel has been notified electronically.(lcbah4) (Entered: 10/19/2022) |
| 10/19/2022 | | | MINUTE ORDER (paperless) GRANTING the parties' 11 Joint Motion to Modify Briefing Schedule and AMENDING the SCHEDULING ORDER as follows, with all other deadlines remaining the same:<br><br>1. By Thursday, October 27, 2022, at 5 PM, the Government shall file with the Court a submission addressing: (1) which, if any, of the records identified on the Oct. 18 Privilege Log the Government believes are not subject to the Speech or Debate Clause privilege; and (2) whether (a) the Speech or Debate Clause privilege applies to communications found on the personal cell phone of a Member of Congress; (b) the presence of non−legislative third parties to communications otherwise subject to the Speech or Debate Clause privilege vitiates that privilege; and (c) the crime−fraud exception is invoked here and, if so, applies to the Speech or Debate Clause privilege.<br>2. By Monday, October 31, 2022, at 2 PM, Rep. Perry shall file any opposition to the Government's submission.<br>3. By Wednesday, November 2, 2022, at 2 PM, the Government shall submit any reply. Signed by Chief Judge Beryl A. Howell on October 19, 2022. Counsel has been notified electronically.(lcbah4) (Entered: 10/19/2022) |
| 10/20/2022 | | | MINUTE ORDER (paperless) DIRECTING the parties to confer and notify the Court, by October 26, 2022, as to how they would like to proceed in the parallel case filed in 22−mc−79, or whether, given the Scheduling Order issued and process underway in this case, Representative Scott G. PERRY intends to file a notice of dismissal in that docket. Signed by Chief Judge Beryl A. Howell on October 20, 2022. Counsel has been notified electronically.(lcbah4) (Entered: 10/20/2022) |
| 10/20/2022 | 12 | | MOTION to Partially Unseal for Purpose of Ordering Transcript by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(zstd) (Entered: 10/20/2022) |
| 10/20/2022 | | | ORDER GRANTING the government's 12 Motion to Partially Unseal for Purposes of Ordering Transcript. Signed by Chief Judge Beryl A. Howell on October 20, 2022. Counsel has been notified electronically.(lcbah4) (Entered: 10/20/2022) |
| 10/27/2022 | 13 | | RESPONSE TO ORDER OF THE COURT (Brief Regarding The Inapplicability of The Speech or Debate Clause to Materials Seized from Rep. Perry) re Minute Order dated 10/19/2022 re. filed by UNITED STATES OF AMERICA. (zstd) (Entered: 10/27/2022) |
| 10/31/2022 | 15 | | RESPONSE re 13 Brief Regarding The Inapplicability of The Speech or Debate Clause filed by REPRESENTATIVE SCOTT G. PERRY. (zstd) (Entered: 11/01/2022) |
| 11/02/2022 | 17 | | REPLY re 13 Brief Regarding The Inapplicability of the Speech or Debate Clause to Materials Seized from Rep. Perry filed by UNITED STATES OF |

| | | | |
|---|---|---|---|
| | | | AMERICA. (zstd) (Entered: 11/02/2022) |
| 11/04/2022 | 18 | | MEMORANDUM OPINION and ORDER Regarding the Applicability of the Speech or Debate Clause to the Contents of Rep. Perry's Cell Phone. See Order for further details. Signed by Chief Judge Beryl A. Howell on November 4, 2022. Counsel have been notified electronically.(lcbah4) Modified title on 11/7/2022 (ztg). (Entered: 11/04/2022) |
| 11/14/2022 | 19 | | Objection to Rep. Perry's Speech Or Debate Privilege Assertions and Request for Court Review by UNITED STATES OF AMERICA (Attachments: # 1 Copy of EarthWater− Scott Perry− Tagged SD Yes−1041 docs, # 2 Copy of 20221028_ EarthWater− Scott Perry− Tagged SD Yes− 79 docs, # 3 20221104_S&D Yes Log, # 4 20221111_S&D Yes Log)(zstd) (Entered: 11/15/2022) |
| 11/15/2022 | 20 | | RESPONSE re 19 Government's Objection to Rep. Perry's Speech Or Debate Privilege Assertions and Request for Court Review filed by REPRESENTATIVE SCOTT G. PERRY. (zhsj) (Entered: 11/16/2022) |
| 11/16/2022 | | | MINUTE ORDER (paperless) GRANTING, in part, Rep. Perry's unopposed 20 Request for Modification ("Perry Mot.") of the Court's 18 November 4, 2022, Order ("Privilege Order"); MODIFYING the previously entered scheduling order; and ISSUING, in accord with the parties agreed−to schedule and Rep. Perry's proposed modifications, see Perry Mot. at 7−8, the following SCHEDULING ORDER: <br><br>(1) By Friday, November 18, 2022, Rep. Perry will provide the government with (a) any records and communications for which he no longer asserts privilege under the Speech or Debate Clause ("Clause"), and (b) a revised privilege log in an excel spreadsheet for those records and communications that he continues to assert are privileged, with all communications and records categorized per item 2(a) of the Privilege Order, see 18 Privilege Order at 12 ("(1) communications with cybersecurity individuals, (2) communications with other Members of Congress and staff, (3) communications with executive branch officials, (4) communications with Trump Campaign officials, and (5) communications with Pennsylvania State legislators"), and with notes providing relevant context for those communications and records; and <br><br>(2) By Monday, November 28, 2022, at 5:00 PM, Rep. Perry will provide the Court with the following: <br><br>a. An excel spreadsheet listing all communications and records that Rep. Perry continues to assert are privileged under the Clause, with each entry including the following: <br>(1) columns containing the data fields listed in item 2(c) of the Privilege Order, see 18 Privilege Order at 12 ("i. exhibit number ii. Bates number(s), if any iii. document type (i.e., text, email, Notes app file) iv. date v. recipient(s) vi. sender vii. proposed category, and viii. any additional information concerning the communication, if necessary"); <br>(2) a column categorizing that communication or record by the categories outlined in item 2(a) of the Privilege Order; and <br>(3) a column entitled "Notes," with each entry providing context or further explanation for the corresponding documents or communications; and |

6

| | | | |
|---|---|---|---|
| | | | b. PDF copies of each communication and record that Rep. Perry asserts are privileged under the Clause, sorted and categorized into electronic folders outlined in item 2(a) of the Privilege Order and, within each folder, sorted chronologically with Relativity Control Numbers stamped on the documents; and<br><br>c. A motion for nondisclosure to the government, explaining the key topics that the communications and records relate to and providing the basis for Rep. Perry's assertion for privilege under the Clause with respect to each topic. Signed by Chief Judge Beryl A. Howell on November 16, 2022. Counsel have been notified electronically.(lcbah4) (Entered: 11/16/2022) |
| 11/28/2022 | 21 | | MOTION for Nondisclosure to the Executive Branch of Information Protected by the Speech or Debate Clause of the United States Constitution by REPRESENTATIVE SCOTT G. PERRY. (zhsj) (Entered: 11/28/2022) |
| 12/16/2022 | 23 | | NOTICE of filing a submission communicated to the Court through email by the government on December 16, 2022 by UNITED STATES OF AMERICA (ztg) (Entered: 12/16/2022) |
| 12/28/2022 | 24 | | ORDER GRANTING IN PART and DENYING IN PART Rep. Perry's 21 Motion for Nondisclosure to the Executive Branch of Information Protected by the Speech or Debate Clause of the United States Constitution. See order for further details. Signed by Chief Judge Beryl A. Howell on December 28, 2022. Counsel has been notified electronically.(lcbah4) (Entered: 12/28/2022) |
| 12/28/2022 | 25 | | MEMORANDUM OPINION regarding Rep. Perry's 21 Motion for Nondisclosure to the Executive Branch of Information Protected by the Speech or Debate Clause of the United States Constitution. Signed by Chief Judge Beryl A. Howell on December 28, 2022. Counsel has been notified electronically.(lcbah4) (Entered: 12/28/2022) |
| 12/29/2022 | | | MINUTE ORDER (paperless) DIRECTING the parties to submit any future sealed filing in this matter to DCD_CMECF_CRSpecial@dcd.uscourts.gov for docketing, with a courtesy copy emailed to Howell_Chambers@dcd.uscourts.gov. Signed by Chief Judge Beryl A. Howell on December 29, 2022. Counsel has been notified electronically.(lcbah4) (Entered: 12/29/2022) |
| 12/30/2022 | 26 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 24 Order on Motion for Nondisclosure by REPRESENTATIVE SCOTT G. PERRY. Fee Status: No Fee Paid. Parties have been notified. (zstd) (Entered: 01/02/2023) |
| 12/30/2022 | 27 | | EMGERENGY MOTION to Stay re 24 Order on Motion for Nondisclosure by REPRESENTATIVE SCOTT G. PERRY. (Attachments: # 1 Memorandum of Law in Support)(zstd) (Entered: 01/02/2023) |
| 12/31/2022 | | | MINUTE ORDER (paperless) ISSUING the following SCHEDULING ORDER: (1) by Tuesday, January 3, 2023 at 5:00 PM, the government shall file any response to Rep. Perry's Emergency Motion to Stay Pending Appeal, which motion was submitted to Chambers on December 30, 2023 at 10:31 PM and may not be docketed until January 3, 2023, and (2) by January 4, 2023 at 10:00 AM, Rep. Perry shall file any reply. Signed by Chief Judge Beryl A. Howell on December 31, 2022. Counsel has been notified electronically.(lcbah4) Modified |

7

| | | | |
|---|---|---|---|
| | | | to correct typo on 1/3/2023 (ztg). (Entered: 12/31/2022) |
| 01/02/2023 | 28 | | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The fee remains to be paid and another notice will be transmitted when the fee has been paid in the District Court or motion to proceed In Forma Pauperis has been decided re 26 Notice of Appeal to DC Circuit Court. (zstd) (Entered: 01/02/2023) |
| 01/03/2023 | 29 | | Memorandum in opposition to re 27 Emergency Motion for Stay Pending Appeal filed by UNITED STATES OF AMERICA. (zstd) (Entered: 01/04/2023) |
| 01/04/2023 | 30 | | REPLY to opposition to motion re 27 Emergency Motion for Stay Pending Appeal filed by REPRESENTATIVE SCOTT G. PERRY. (zstd) (Entered: 01/04/2023) |
| 01/04/2023 | | | USCA Case Number 23−3001 for 26 Notice of Appeal to DC Circuit Court filed by REPRESENTATIVE SCOTT G. PERRY. (zstd) Modified to correct USCA case number on 1/5/2023 (zstd). (Entered: 01/04/2023) |
| 01/04/2023 | 31 | | MEMORANDUM OPINION & ORDER DENYING Rep. Perry's 27 Emergency Motion to Stay. See order for further details. Signed by Chief Judge Beryl A. Howell on January 4, 2023. Counsel has been notified electronically. (lcbah4) Modified on 1/5/2023 (ztg). (Entered: 01/04/2023) |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE FORENSIC COPY OF THE CELL PHONE OF REPRESENTATIVE SCOTT PERRY | Case No. 22-sc-2144 (BAH)<br><br>Chief Judge Beryl A. Howell<br><br>**UNDER SEAL** |

**MEMORANDUM OPINION AND ORDER**

Representative Scott Perry ("Rep. Perry") seeks to stay the disclosure of 2,055 records on his personal cell phone to the government, pending his appeal of this Court's Order and Memorandum Opinion, both issued on December 28, 2022 ("Dec. 2022 Order" and "Dec. 2022 Decision," respectively), ECF Nos. 24 and 25. *See* Rep. Perry's Emergency Mot. to Stay ("Perry Mot."), ECF No. 27; *see also* Rep. Perry's Mem. re Emergency Mot. to Stay ("Perry Mem."), ECF No. 27-1. The December 2022 Order permitted Rep. Perry to withhold from the government 161 records in whole and three records in part that he claimed were privileged under the Speech or Debate Clause ("Clause"), while rejecting Rep. Perry's claims of privilege with respect to 2,055 additional records that he does not dispute are responsive to a search warrant issued by this Court ("D.D.C. Warrant"). *See generally* Dec. 2022 Order. Upon review, Rep. Perry does not meet the high bar for the extraordinary relief that a stay confers. His motion is thus denied.[1]

---

[1] In the alternative, Rep. Perry requests the issuance of "a temporary stay" of the December 2022 Order "to allow the D.C. Circuit an opportunity to consider his appeal . . . by extend[ing] the date [ ] he is directed to provide documents to the Government . . . to Friday, January 6, 2023." Perry Reply at 9. His alternative request for a temporary stay of the December 2022 Order by an additional day is granted solely to allow Rep. Perry to file his emergency motion with the D.C. Circuit.

## I. BACKGROUND

A detailed description of the factual and procedural history preceding this motion is set out in the December 2022 Decision, at 4–10, and is thus incorporated by reference here.

Specific to this motion, on December 28, 2022, the Court granted in part and denied in part Rep. Perry's motion for non-disclosure, holding that 2,055 of the 2,219 responsive records withheld by Rep. Perry are not privileged under the Clause, while 161 records were properly withheld in full and three records in part. *See* Dec. 2022 Order; Dec. 2022 Decision. The December 2022 Order disclosed redacted versions of the three partially privileged records and required Rep. Perry to disclose the remaining 2,055 responsive records not covered by the Clause to the government by January 5, 2023. Dec. 2022 Order at 1.

Rep. Perry then filed the instant motion for stay pending appeal on December 30, 2022, *see* Perry Mot, and an accompanying notice of appeal, *see* Rep. Perry's Notice of Appeal, ECF No. 26. Notably, though this matter relates to an ongoing grand jury investigation, Rep. Perry's notice of appeal does not ask for expedited consideration by the D.C. Circuit, under D.C. Cir. R. 2 and 27(f). Pursuant to an expedited briefing schedule entered by this Court, the government responded to Rep. Perry's motion on January 3, 2022, *see* Gov't's Opp'n to Mot. for Stay Pending Appeal ("Gov't's Opp'n"), ECF No. 29, and Rep. Perry filed a reply by January 4, 2022, *see* Rep. Perry's Reply re Emergency Mot. to Stay ("Perry Reply"), ECF No. 30. *See also* Scheduling Order (Dec. 31, 2022). Briefing on this pending motion is complete and thus the motion is now ripe for resolution.

## II. LEGAL STANDARD

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "'A stay is not a matter of

2

right, even if irreparable injury might otherwise result,'" *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)), and "[a] stay pending appeal is always an extraordinary remedy," *Bhd. of Ry. & S.S. Clerks, Freight Handlers, Express & Station Emps. v. Nat'l Mediation Bd.*, 374 F.2d 269, 275 (D.C. Cir. 1966); *see also Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n*, 904 F.3d 1014, 1017 (D.C. Cir. 2018) (per curiam) ("CREW") (describing a stay pending appeal as "extraordinary relief").

Courts considering a stay request pending an appeal must "'weigh competing interests,'" *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732 (D.C. Cir. 2012) (quoting *Landis*, 299 U.S. at 254–55), by balancing the following factors as applied to the specific facts of the case: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies," *Nken*, 556 U.S. at 434 (quotation marks omitted). The first and second factors are the "most critical" to determining whether a stay is warranted, *CREW*, 904 F.3d at 1017 (quoting *Nken*, 556 U.S. at 434), while the third and fourth factors "merge" when the stay applicant so moves against the government. *Nken*, 556 U.S. at 435. The party seeking the stay bears the burden of "mak[ing] out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis*, 299 U.S. at 255.

### III.    DISCUSSION

Rep. Perry's motion is denied because all four of the stringent *Nken* factors weigh against granting a stay. First and foremost, Rep. Perry is unlikely to succeed on the merits for the reasons

3

fully explicated in the December 2022 Decision.[2] The vast majority of the records at issue—which records were recovered, pursuant to a search warrant issued by the U.S. District Court for the Middle District of Pennsylvania, from Rep. Perry's personal cell phone and are indisputably responsive to the D.D.C. Warrant—are not entitled to Clause protection because they do not contain communications "that are 'integral' to [his] participation in 'the consideration and passage or rejection of proposed legislation or with respect to other matters which the Constitution places within the jurisdiction of either House.'" Dec. 2022 Decision at 17 (quoting *Gravel v. United States*, 408 U.S. 606, 625 (1972)). Rep. Perry counters that these responsive records are protected "[l]egislative information gathering" efforts under the Clause because they contain his communications seeking "information about the security of the 2020 election and the validity of the electors required to certify the election, a vote that he was called upon to cast under the United States Constitution, and the Electoral Count Act." Perry Mem. at 8.

To be sure, the December 2022 Decision recognized that Rep. Perry's legislative activities integral to his consideration and vote under the Electoral Count Act of 1887 ("ECA"), 24 Stat. 373, 3 U.S.C. §§ 5, 6, and 15, as well as his communications relating directly to legislative activities, such as casting votes or speaking on the House floor, organizing and participating in legislative committees or in caucus, are protected under the Clause. Dec. 2022 Decision at 26–27 (communications integral to the ECA process are privileged under the Clause); *id.* at 40–41 (communications with Members and staff about legislation and votes are privileged under the Clause); *id.* at 41–42 (communications with Members and staff concerning committee assignments

---

[2] The government argues that the first *Nken* factor of likelihood of success on the merits cannot be met because the December 2022 Order was not a final decision on the merits, and, therefore, Rep. Perry is not entitled to bring an appeal challenging the denial of his assertion of the Clause since no exception under the collateral order doctrine permitting interlocutory review applies. Gov't's Opp'n at 6–11. Rep. Perry disagrees. Rep. Perry Reply at 1–4 (arguing that the Dec. 2022 Order is appealable under the collateral order doctrine). Regardless of whether the December 2022 Order is appealable, none of the *Nken* factors militate in favor of a stay and, consequently, the merits of the dispute over the appealability of the December 2022 Order need not be reached.

4

and House Freedom Caucus Board Elections are privileged under the Clause); *id.* at 44 (internal electronic newsletters sent by the House Republican Leadership Conference called "The Wrangler" that provided substantive summaries and discussion of pending legislation and other legislative business are privileged under the Clause).  The December 2022 Decision, however, explained at length why Rep. Perry's "efforts as an individual Member either to obtain or relay information from or to others to be used to defeat or delay certification of the ECA vote and President-elect Joseph R. Biden's victory in the 2020 election," Dec. 2022 Decision at 27, were not protected under the Clause, and why his characterization of these efforts as "informal fact-finding" activities fell short of pulling the Clause's cloak of protection over those communications, under a straight-forward reading of binding Supreme Court and D.C. Circuit precedent, which require for proper invocation of the Clause that an "investigative step is fully and unambiguously authorized for a legislative purpose," *id.* at 21-22 (citing, *e.g., Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 506 (1975) and *Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408, 416 (D.C. Cir. 1995)).

Consistent with this precedent, under *McSurely v. McClellan*, 553 F.2d 1277, 1286 (D.C. Cir. 1976) (en banc), to qualify for protection under the Clause, a Member's fact-finding efforts must be performed in a sufficiently procedurally regular manner, with formal congressional sanction or authorization, to constitute legitimate legislative activity.  *See* Dec. 2022 Decision at 32–38; *see also id.* at 22 (explaining *McSurely*'s requirement that an informal investigation be congressionally authorized).  To the extent that Rep. Perry believes that *McSurely* created no requirement that a Member's informal field investigations must be congressionally authorized, *see* Perry Mem. at 7–8, he is wrong for the reasons outlined in the December 2022 Decision.

None of the 2,055 responsive records that Rep. Perry has withheld as privileged contain communications relating to legislative-fact-finding efforts sanctioned or otherwise authorized in a

5

procedurally regular manner by any congressional entity. Rather, in large part, the communications illustrate efforts by Rep. Perry, members of former President Trump's White House, his campaign team, and other allies to undermine the results of the 2020 election. In short, Rep. Perry provides no reason why these communications reflect anything more than activities that are "casually or incidentally related to legislative affairs but not a part of the legislative process itself." *United States v. Brewster*, 408 U.S. 501, 528 (1972).

Rep. Perry also fails to grapple with the line-drawing problem of distinguishing between privileged and non-privileged communications that his theory of legislative privilege would create. In discussing the congressional authorization requirement, the December 2022 Decision explained how applying Rep. Perry's theory of Clause privilege to "informal fact-finding efforts untethered from a formal legislative inquiry" would be "'both unwise in principle and unworkable in practice[,]'" "assuredly 'create considerable confusion' as to whether the Clause applies[,] and invite inconsistent applications of the legislative privilege[,]" particularly considering, in the context of an *in camera* document review, "the full context of any given communication may not be discernible." Dec. 2022 Decision at 38–39 (quoting *In re Grand Jury Subpoenas*, 571 F.3d 1200, 1207 (D.C. Cir. 2009) (Kavanaugh, J., concurring)). Rep. Perry ignores this issue and the December 2022 Decision's analysis of this problem, which further undermines his contention that he will likely succeed on the merits on appeal.

Rep. Perry's focus on protection of his informal fact-finding efforts also elides the fact that a significant number of responsive records are communications that could not plausibly be related to fact-finding activities. For example, as explained in the December 2022 Decision, his communications with purported cybersecurity experts involved "coordinating strategy and public relations efforts with Executive Branch officials or Trump Campaign officials, like Rudy Giuliani and Sidney Powell, regarding voting irregularities." Dec. 2022 Decision at 31–32. These

6

communications largely reflect his efforts to relay information to other persons rather than trying to obtain, understand, or assess information. With respect to his communications with Members and staff, Rep. Perry received electronic newsletters from House Republican Conference Leadership discussing political talking points and events occurring in and around Congress, communications with staff concerning press coverage and media strategy, and communications with Members concerning possible actions to challenge the 2020 election results, *see id.* at 42–47. None of these communications appear to be remotely linked to fact-finding efforts, contrary to Rep. Perry's general description. Finally, the December 2022 Decision explained that the majority of communications that Rep. Perry received from Executive Branch officials "demonstrate that he welcomed, rather than resisted, and indeed often initiated these communications to relay information or urge consideration of a strategy by the White House or specific action to be taken by the White House, the Trump Campaign, or [the Department of Justice]." *Id.* at 49. "Given the Clause's purpose to protect congressional Members from untoward interference from the Executive Branch with legislative matters," the Court held that "Rep. Perry's reliance on the Clause to shield his multi-pronged push for Executive Branch officials to take more aggressive action is not only ironic but also must fail as beyond the scope of the Clause." *Id.* Rep. Perry does not even attempt to explain how the Clause likely applies to these records in his motion, so he cannot satisfy the first *Nken* factor.

 Next up is irreparable injury, which militates strongly against granting a stay. Although Rep. Perry is technically right that once the 2,055 responsive records are disclosed to the government, they cannot be undisclosed to the government, *see* Perry Mem. at 10, his argument that his constitutional rights would be violated by disclosing the records misses the mark because he still maintains the core protections available under the Clause. Specifically, Rep. Perry would retain criminal immunity for his legislative acts, the right to object to the use as evidence of his

7

legislative acts, and the right to avoid being compelled to testify about his legislative acts. *Howard v. Off. of Chief Admin. Officer of U.S. House of Representatives*, 720 F.3d 939, 946 (D.C. Cir. 2013); *see also* Dec. 2022 Decision at 14–16. Nonetheless, Rep. Perry counters that the December 2022 Order and Decision "imperil[] [his] ability to object to the use of the material by the Government and his privilege against compelled testimony." Perry Reply at 5. This is inaccurate. The December 2022 Order was limited to the issue of non-disclosure, *see* Dec. 2022 Order at 1 (ordering Rep. Perry to disclose 2,055 responsive records in whole or in part to the government), leaving Rep. Perry free, at a minimum, to assert the Clause's privileges in the future if the government uses any of the 2,055 records against him in a criminal prosecution or tries to compel him to testify about his communications contained in these responsive records.

The potential injury that Rep. Perry may face by denial of a stay pending appeal, arising from disclosure to the government of the withheld responsive records, is accordingly far less damaging than the harm he would face if the protections outlined in the Supreme Court's Clause jurisprudence—protection from criminal and civil liability, testimonial privilege and nonevidentiary use privilege—were violated. *See In re Grand Jury Investigation*, 587 F.2d 589, 597 (3d Cir. 1978) ("But to the extent that the Speech or Debate Clause creates a Testimonial privilege as well as a Use immunity, it does so only for the purpose of protecting the legislator and those intimately associated with him in the legislative process from the harassment of hostile questioning. It is not designed to encourage confidences by maintaining secrecy, for the legislative process in a democracy has only a limited toleration for secrecy."); *United States v. Renzi*, 651 F.3d 1012, 1020 (9th Cir. 2011) (rejecting the contention "that there exists some grandiose, yet apparently shy, privilege of non-disclosure that the Supreme Court has not thought fit to recognize"). Given that Rep. Perry retains these critical protections under the Clause, his claim that he will be irreparably injured absent a stay is overblown.

8

Additionally, should the D.C. Circuit find, on appeal, that any or all of the 2,055 responsive records are in fact privileged under the Clause, the government points out that a partial remedy could be issued "by ordering the Government to destroy or return any and all copies [of the records] it may have in its possession." Gov't's Opp'n at 14 (quoting *Church of Scientology of California v. United States*, 506 U.S. 9, 12–13 (1992)). In any event, significantly undercutting Rep. Perry's claim of irreparable injury is his concession that the government has already obtained or certainly could access "most if not all, of the communications at issue here by other means." Perry Mem. at 11. Indeed, most of the 2,055 withheld responsive records that this Court has ordered disclosed are communications between Rep. Perry and other individuals, most of whom are not fellow congressional Members or staff. Assuming Rep. Perry is correct about the government already obtaining these same communications as part of the ongoing investigation from the individuals with whom Rep. Perry was communicating, requiring disclosure here will cause no harm to Rep. Perry at all since they are already in the government's possession. In short, Rep. Perry cannot demonstrate that an injury would be "certain and great," such that the second *Nken* factor weighs against granting a stay. *See Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985).[3]

Finally, the interests of the government and the public weigh against a stay. Just as the grand jury is required to look "into all information that might possibly bear on its investigation until it has identified an offense or has satisfied itself that none has occurred[,]" *United States v.*

---

[3] In reply, Rep. Perry says that he would face harm by disclosing the responsive records at issue because such disclosure "would provide the Government with information that it could use and make derivative use of in its consideration of filing criminal charges in a highly charged political environment." Perry Reply at 5. Rep. Perry's argument is flawed for two reasons. First, Rep. Perry retains civil and criminal immunity, a testimonial privilege, and a nonevidentiary use privilege for his legislative acts, so the government's use of any privileged records against Rep. Perry in a criminal prosecution would be prohibited under the Clause. Dec. 2022 Decision at 14–16. Second, the D.C. Circuit, in *United States v. Rayburn House Off. Bldg.*, 497 F.3d 654 (D.C. Cir. 2007) ("*Rayburn*"), never held that derivative use of a legislative record is privileged under the Clause but described the harm as limited to the "chill" that compelled disclosure of legislative records would cause. *See id.* at 661 ("This compelled disclosure clearly tends to disrupt the legislative process: exchanges between a Member of Congress and the Member's staff or among Members of Congress on legislative matters may legitimately involve frank or embarrassing statements; the possibility of compelled disclosure may therefore chill the exchange of views with respect to legislative activity."). Any derivative use of Rep. Perry's privileged records is, thus, not a harm that the Clause contemplates or recognizes.

9

*R. Enterprises, Inc.*, 498 U.S. 292, 297 (1991), and has a substantial interest in avoiding "delays and detours" that "would assuredly impede its investigation and frustrate the public's interest in the fair and expeditious administration of the criminal laws," *id.* at 298–99 (quotation marks omitted), the government also has a significant interest in moving forward expeditiously with the criminal investigation into those potentially involved in alleged criminal efforts to overturn the 2020 election. Rep. Perry has diligently pursued his claims of legislative privilege, with the concomitant result that over four months after issuance of the D.D.C. Warrant, the government has yet to review a significant number of responsive records. A prolonged appeal would only further delay disclosure of those responsive records. The government and the public have a strong interest in reviewing expeditiously the records responsive to the search warrant since "in criminal cases[,] encouragement of delay is fatal to the vindication of the criminal law." *Khadr v. United States*, 529 F.3d 1112, 1117 (D.C. Cir. 2008) (cleaned up).[4]

None of Rep. Perry's alternative considerations outweigh the government and the public's interest in an expedient investigation. For starters, pointing to the fact that the government has obtained 12,944 records from his cell phone and communications from others, like former Assistant Attorney General Jeffrey Clark and Trump Campaign attorney John Eastman, Perry Mem. at 11, is a misfire. Even assuming he is correct about the government's access to others' records, this neither defeats nor deflects the government's interest in responsive records held on Rep. Perry's cell phone. Instead, as already noted, to the extent that the 2,055 responsive records at issue overlap with communications already in the government's position, Rep. Perry only undermines his argument that he would be irreparably injured if a stay were not entered. Next,

---

[4] Rep. Perry's reliance on *Jewish War Veterans of U.S., Inc. v. Gates*, 522 F. Supp. 2d 73 (D.D.C. 2007), Perry Mem. at 12, is misplaced. In that case, a partial stay in production of potentially privileged records under the Clause was granted because "the Court conclude[d] that the Members have raised a serious legal question on appeal," *id.* at 80, but no such persuasive argument is made here. Moreover, since that case involved a civil dispute, the court had no necessity to consider the weighty public interest of impeding a significant criminal investigation. *Id.* at 82–83.

10

Rep. Perry contends that "[h]is constituents also have an interest in ensuring that he is able on their behalf to investigate facts that are central to his legislative activity without fear of reprisal." *Id.* at 12. Nothing about the December 2022 Order, however, prevents Rep. Perry from engaging in legislative fact-finding inquiries; it solely requires him to disclose records that are not privileged under the Clause. Also unavailing is his argument that he must be afforded time to solicit amicus participation, through the General Counsel of the House of Representatives, after Congress meets and "the new Speaker is elected." Perry Mem. at 12–13. During all the months this case has been pending, however, Rep. Perry has thus far failed to "request that the Court grant access to the sealed proceedings in this case so that the General Counsel of the House of Representatives may directly represent Congress' institutional prerogatives." *Id.*; *cf. Gomez v. United States Dist. Court for Northern Dist. of Cal.*, 503 U.S. 653, 654 (1992) (per curiam) (noting that the "last-minute nature of an application" or an applicant's "attempt at manipulation" of the judicial process may be grounds for denial of a stay). Any further delay in allowing the government's investigation to proceed only weighs against a stay.

Ultimately, Rep. Perry concedes that the December 2022 Decision was "thorough and detailed[,]" and he simply "disagrees with the Court's legal conclusions[.]" Perry Reply at 6. Having considered these disagreements again, this Court is not persuaded that his claims of legislative privilege were incorrectly evaluated in the December 2022 Decision, that he would be irreparably injured absent a stay pending appeal, and that the public interest favors granting the requested stay pending appeal.

Based on the foregoing analysis, Rep. Perry's motion to stay the December 2022 Order and Decision pending appeal is denied.

### IV.   ORDER

For the foregoing reasons, it is hereby

11

**ORDERED** that Rep. Perry's Emergency Motion to Stay, ECF No. 27, is **DENIED**; it is further

**ORDERED** that the December 2022 Order be **TEMPORARILY STAYED** until January 6, 2023, at 5:00 PM, to allow Rep. Perry the opportunity to file an Emergency Motion to Stay with the United States Court of Appeals for the District of Columbia Circuit; it is further

**ORDERED** that Rep. Perry comply with the December 2022 Order by no later than January 6, 2023, at 5:00 PM.

**SO ORDERED**.

Date: January 4, 2023

_____
BERYL A. HOWELL
Chief Judge