[NOT YET SCHEDULED FOR ORAL ARGUMENT]

No. 23-3001 (UNDER SEAL)

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

IN THE MATTER OF THE SEARCH OF THE FORENSIC COPY OF THE
CELL PHONE OF REPRESENTATIVE SCOTT PERRY

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Case No. 22-sc-2144 (under seal)

**APPELLANT'S SEALED EMERGENCY MOTION
FOR STAY PENDING APPEAL**

John P. Rowley III
(D.C. Bar No. 392629)
JPRowley Law PLLC
1701 Pennsylvania Avenue, NW
Suite 200
Washington, D.C. 20006
 (202) 525-6674
john.rowley@jprowleylaw.com

John S. Irving
(D.C. Bar No. 460068)
E&W LAW, LLC
1455 Pennsylvania Avenue, N.W.,
Suite 400
Washington, D.C. 20004
(301) 807-5670
john.irving@earthandwatergroup.com

*Counsel for Appellant Representative Scott G. Perry*

## STATEMENT OF JURISDICTION

Representative Scott G. Perry ("Rep. Perry") files this Emergency Motion for Stay Pending Appeal pursuant to D.C. Cir. R. 2 and 27(f). This Court has jurisdiction pursuant to 28 U.S.C. § 1291. Assuming *arguendo* that the district court's December 28, 2022, Order does not have all the elements of finality required by § 1291, appellate jurisdiction appropriately rests in this case on the collateral order doctrine. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978); *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 545–547 (1949).

## INTRODUCTION AND SUMMARY

Representative Scott G. Perry seeks an emergency stay pending appeal of the district court's December 28, 2022, Order and Memorandum Opinion (the "Order") granting in part and denying in part his motion to withhold from the Government, based on Speech or Debate privilege, access to certain records it seized from his cell phone. Case No. 22-sc-2144 (D.D.C. Dec. 28, 2022), ECF Nos. 24 and 25 (under seal) (*Exhibit 1*).

The Order follows the district court's *in camera* review of 2,219 documents over which Rep. Perry asserts Speech or Debate privilege pursuant to the process directed by this Court in *United States v. Rayburn House Office Building, Room 2113, Washington, D.C. 20515*, 497 F.3d 654 (D.C. Cir. 2007). The district court agreed with Rep. Perry's assertion of privilege as to 161 of those records and directed

2

him to provide the Government with the following documents by January 5, 2023:[1]

(a) three redacted documents, and (b) 2,055 documents that the court determined

were not protected by the Speech or Debate Clause.[2]

The primary issue below, and on appeal, is the extent to which the Speech or

Debate Clause of the United States Constitution, U.S. CONST. art. 1 § 6, cl.1,

protects the fact-gathering activities of an individual Member of Congress that are

meant to inform his legislative actions, but that are not undertaken /under direct

authority of a congressional committee in a formal investigation.

## BACKGROUND

On August 2, 2022, United States Magistrate Judge Susan E. Schwab of the

United States District Court for the Middle District of Pennsylvania issued a warrant

authorizing the seizure of Rep. Perry's cellular telephone. On August 9, 2022,

Special Agents from the Federal Bureau of Investigation executed the warrant by

seizing the phone and creating a forensic image of it. They then returned the physical

phone to Rep. Perry.

---

[1] On January 4, 2023, at 8:04 pm, the district court denied Rep. Perry's Emergency Motion to Stay by Memorandum Opinion and Order and granted his request for an extension of time until January 6, 2023, at 5:00 PM to allow him the opportunity to file an Emergency Motion to Stay with this Court. ECF No. 31.

[2] An electronic link to these documents will be forwarded to the Court with this Emergency Motion. The communications contained in the documents are described in Rep. Perry's *Ex Parte* Supplement to Motion for Nondisclosure to Executive Branch, ECF No. 22, which he filed with the district court on November 28, 2022.

On August 18, 2022, Rep. Perry filed an emergency motion for the return of seized property and for injunctive relief in U.S. District Court for the District of Columbia Case Number 1:22-MC-00079, requesting an opportunity to review the information obtained from his mobile phone prior to disclosure to the Government pursuant to *United States v. Rayburn House Office Building, Room 2113, Washington, D.C. 20515*, 497 F.3d 654 (D.C. Cir. 2007). On the same date, the Government obtained a second search warrant under seal (D.D.C. Case No. 22-SC-2144) authorizing the review of information on the seized phone subject to a process similar to that proposed by Rep. Perry in his motion. Under the warrant, Rep. Perry had 30 days to review the information on the phone and provide the Government with a log of all records he asserted were subject to Speech or Debate privilege. The Government would then, as needed, request that the district court review those records and make a final determination as to whether the records contained privileged information.[3]

On October 5, 2022, counsel for Rep. Perry moved for additional time to review the extensive information contained in the forensic image from his phone

---

[3] After the Government advised counsel for Rep. Perry of the second search warrant, the undersigned counsel moved on August 24, 2022, to have his emergency motion in Case No. 22-MC-00079 held in abeyance. The Court granted that motion and later, on October 27, 2022, granted Rep. Perry's motion to dismiss his motion without prejudice on October 26, 2022.

(ECF 7). The Government filed an opposition to that motion, and Rep. Perry replied on October 13, 2022.[4] On October 14, 2022, the district court issued a Minute Order directing counsel for Rep. Perry to provide additional specifics about the volume or records from the phone and the progress of the review, which counsel did on October 17, 2022.

The parties appeared before the district court on October 18, 2022, and the court issued a Minute Order on that date setting forth a schedule for counsel for Rep. Perry to complete his review and for the Government to advise the court as to which of the records identified by counsel as privileged the Government wished the court to review. Pursuant to that order, on October 18, October 25, October 28, November 4, and November 11, 2022, counsel for Rep. Perry provided the Government with (a) privilege logs for the documents that they assert are privileged under the Speech or Debate Clause and (b) document productions for those records they do not believe are privileged. Also pursuant to the court's order, the Government filed on October 27, 2022, a Brief Regarding the Inapplicability of the Speech or Debate Clause to Materials Seized from Rep. Perry.

The Government requested that the district court review all the documents over which Rep. Perry asserted privilege arguing, essentially, that it was unable to

---

[4] Counsel for Rep. Perry does not have access to the docket in this sealed matter on the Court's Pacer system and so does not have dates for some events in this case.

narrow its request because it was unable to review the information to make that determination. Rep. Perry responded in a filing on October 31, 2022, and provided the court with an *ex parte* explanation of the communications over which he asserted privilege, as well as the facts surrounding those communications, to provide the court with context necessary to make its privilege determinations.

On November 4, 2022, the court issued a Memorandum Opinion and Order (ECF 18) that, *inter alia*, set forth the logistics for counsel for Rep. Perry to provide the documents to the court for review and directed counsel to submit a motion for withholding as subject to the Speech or Debate Clause privilege.[5] On November 15, 2022, Rep. Perry submitted an unopposed request to modify the court's order (ECF 20), which the Court granted in part on November 16, 2022, directing counsel for Rep. Perry to provide an Excel spreadsheet listing the documents they assert are

---

[5] The district court's November 4, 2022, order also directed counsel for Rep. Perry to assign each communication to five categories that he had identified in a pleading filed on October 31, 2022. The court modified that order on November 16, 2022, directing counsel for Rep. Perry to provide the Government with that information, as well. While counsel for Rep. Perry had identified those five categories, they had not assigned all of the documents reviewed into those categories. Counsel for Rep. Perry re-reviewed the documents that it had already included in privilege logs to the Government in its ongoing productions and ensured that each was assigned to a category and that each had notes explaining the context of the communications. Through that process and retroactively applying the court's discussion of the Speech or Debate Clause in its November 4, 2022, order, counsel for Rep. Perry was able to reconsider its position on approximately 407 documents. On November 18, 2022, counsel for Rep. Perry provided the Government with a revised privilege log and the documents as to which they no longer asserted privilege.

privileged, pdf copies of those documents, and a motion for nondisclosure to the Government, explaining the key topics that the communications and records relate to and providing the basis for Rep. Perry's assertion for privilege under the Clause with respect to each topic.

Pursuant to the district court's modified order, Rep. Perry filed a Motion for Nondisclosure to the Executive Branch of Information Protected by the Speech or Debate Clause of the United States Constitution on November 28, 2022, and provided the court with 2,219 documents for *in camera* review. On December 28, 2022, the court granted that motion, in part, agreeing that 161 of the 2,219 documents were protected from disclosure by the Speech or Debate Clause and controlling precedent in this Circuit. The court's Order directed Rep. Perry to provide three of the 2,219 documents to the Government in redacted form, denied his motion as to 2,055 of the documents, and ordered him to disclose those documents to the Government by January 5, 2023.

On December 30, 2022, Rep. Perry filed a Notice of Appeal of the Order and an Emergency Motion to Stay in the district court seeking a stay of its December 28, 2022, Order pending appeal. The Government filed its Opposition on January 3, 2023, and Rep. Perry filed his Reply on January 4, 2023. On January 4, 2023, the district court denied Rep. Perry's Emergency Motion and request for an extension of time until January 6, 2023, at 5:00 PM to allow him the opportunity to file an

Emergency Motion to Stay with this Court. ECF No. 31 (*Exhibit 2*). Upon receipt of the district court's order, Rep. Perry filed this Emergency Motion on January 5, 2023.

## ARGUMENT

This Court considers four factors in deciding motions for stay pending appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Nken v. Holder*, 556 U.S. 418, 434 (2009). Prior to the U.S. Supreme Court's decision in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008), this Court applied a sliding scale to these factors, whereby "a plaintiff need only raise a 'serious legal question' on the merits" if "the other three factors strongly favor issuing an injunction." *Aamer v. Obama*, 742 F.3d 1023, 1043 (D.C. Cir. 2014); *see also Sherley v. Sebelius*, 644 F.3d 388, 392 (D.C. Cir. 2011) ("allow[ing] that a strong showing on one factor could make up for a weaker showing on another").

While the Court has not resolved the implications of *Winter* on its application of this sliding scale, *see, e.g.*, *Hailu v. Morris-Hughes*, No. 1:22-CV-00020-APM, 2022 WL 1124796, at *1 (D.D.C. Apr. 14, 2022) (noting that the sliding scale "has not been overruled by either the Supreme Court or the D.C. Circuit"), a stay in this

case is particularly appropriate under the sliding-scale standard: Few legal questions are as serious as the parameters of Speech and Debate Clause protection for the communications activities of a Member of Congress and the extent to which the Executive Branch may infringe on that protection. *Gravel v. United States*, 408 U.S. 606, 616 (1972) (The Clause "was designed to assure a co-equal branch of the government wide freedom of speech, debate, and deliberation without intimidation or threats from the Executive Branch. It thus protects Members against prosecutions that directly impinge upon or threaten the legislative process.")

 A stay of the Order is warranted regardless whether the sliding scale standard applies. The equitable factors strongly favor a stay because the risk of irreparable harm to Rep. Perry and the institution of the U.S. House of Representatives far outweighs the risk of any injury to the Government, and he is likely to prevail on the merits of his appeal.

## I.    The Equitable Factors Favor a Stay

### A.    Rep. Perry Is Likely to Succeed on the Merits of His Appeal

#### 1.    The Court's Ruling is an Appealable Final Order.

The district court's Order is a final order under 28 U.S.C. § 1291, and Rep. Perry is entitled to have this Court consider the constitutional issues presented. *See Helstoski v. Meanor*, 422 U.S. 500, 506 (1979) ("We agree that the guarantees of the Clause are vitally important to our system of government and are therefore entities

to be treated by the courts with the sensitivity that such important values require . . . There can be no doubt that such orders [denying speech or debate protection] constitute a complete, formal . . . final rejection of a" member's speech or debate rights just as a claim of double jeopardy does).

Even were this Court to determine that the Order does not have all of the elements of finality required by § 1291, appellate jurisdiction appropriately rests on the collateral order doctrine.[6] *United States v. Rayburn House Office Building,* 497 F.3d 654, 658 (2007). A stay of the district court's ruling, to allow time for review by this Court before the Government is permitted to have access to communications that Rep. Perry claims are privileged, is required to protect the rights he has as a Member of Congress, as well as preserve the institutional interests of the United States House of Representatives. Once the Government is given access to the communications, any subsequent review of the Order will come too late to protect the constitutional interests conferred by the Speech or Debate Clause.

---

[6] *Rayburn* involved an appeal from the denial of a motion, filed pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, that sought the return of materials seized by the Government while executing a search warrant in the congressional office of a sitting Member of Congress. Although the context was somewhat different, the D.C. Circuit recognized that the collateral order doctrine could be applied to allow appellate review of Speech or Debate privileges asserted by a Member of Congress.

The Supreme Court has interpreted 28 U.S.C. § 1291[7] to permit departures from the rule of finality in cases falling within the "collateral order" exception delineated in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 545–547 (1949). Such orders "must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978).

In the present case, the Order, unless stayed, will provide the Government with access tomorrow, January 5, 2023, to communications that Rep. Perry asserts are protected from disclosure by Speech or Debate privilege. Allowing the Government to access the communications would extinguish the privilege as to the 2,055 records[8] that the district court determined are not protected by the Clause and render the issue "effectively unreviewable" by this Court in a subsequent appeal. Once the Government has the records, it will be privy to the confidential communications Rep. Perry had while gathering information concerning possible

---

[7] "The courts of appeal … shall have jurisdiction of appeals from all final decisions of the district courts of the United States …"

[8] The Clause protects legislators "not only from the consequences of litigation's results but also from the burden of defending themselves." *Dombrowski v. Eastland*, 387 U.S. 82, 85(1967). When it is determined that "Members are acting within the legitimate legislative sphere[,] the Speech or Debate Clause is an absolute bar to interference" and is applied "broadly to effectuate its purposes." *Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 501 (1975).

election fraud, an effort that was in aide of the legislative responsibilities he had as an elected representative. *McSurely v. McClellan*, 553 F.2d 1277, 1286 (D.C. Cir. 1976)(activity outside legislative channels is protected by the Clause if related to a legislative purpose).

The Supreme Court has long recognized both the constitutional significance of the privilege and the importance of protecting it by means of appellate review. For example, in *Helstoski v. Meanor*, 442 U.S. 500 (1979), the Court held that a Member of Congress could take an interlocutory appeal in a criminal case to assert the immunity conferred upon him by the Speech or Debate Clause of the Constitution. In so doing, the Court stated that "[c]rucial to the holding was our view that the Speech or Debate Clause protected Congressmen 'not only from the consequences of litigation's results but also from the burden of defending themselves.'" *Id.*, at 508, quoting *Dombrowski v. Eastland*, 387 U.S. 82, 85 (1967).

## 2. The Court of Appeals is Likely to Agree that *Rayburn* Extends to a Member of Congress' Mobile Phone.

In *Rayburn*, this Court directed the district court to follow procedures that provided the Member of Congress an opportunity to review materials seized by the Government. The district court was to review those materials *in camera* and then release them to the Government to the extent they did not fall within Speech or Debate privilege. *Rayburn* involved materials seized from the Member's congressional office, where this Court agreed that protected legislative materials

"were inevitably to be found." *Id*. at 661. With the evolution of technology since *Rayburn* was decided in 2007, it is every bit as inevitable that legislative materials would be found on a mobile phone used by a Member of Congress for both personal and business purposes, including text and email communications.

The Government itself has acknowledged that "[t]here is no legal principle that would categorically foreclose Speech or Debate protections for materials that reside on a member's personal cell phone." Gov't Br.  Regarding the Inapplicability of the Speech or Debate Cl. To Materials Seized from Rep. Perry at 11, ECF No. 13. The district court ultimately agreed that Rep. Perry's phone would inevitably contain legislative materials, stating: "given the fact that modern-day cell phones are ubiquitous and particularly necessary for congresspeople required to travel to and from the U.S. Capitol and their home districts – the presence of such materials in such a mobile "location" is a concrete reality here …." Nov. 4, 2022, Order at n. 3, ECF No. 18.[9]

Of course, at this juncture, the question of whether legislative materials would "inevitably be found" in Rep. Perry's mobile phone data has already been established. The court agreed with Rep. Perry's characterization of some or all of 167 of the documents on the phone and ordered that they are protected from

---

[9] Rep. Perry incorporates his arguments on this issue in his Response to the Government's Brief at 5-7, ECF No. 15.

disclosure to the Government. Order, ECF No. 24, and Mem. Op. at 47, ECF No. 25. It is unlikely that this Court would decline to extend *Rayburn's* protections to a Member's mobile phone on the basis that it is less likely to contain legislative materials than his congressional office. That is particularly true with respect to Rep. Perry's phone, which clearly contains legislative materials. The only disagreement is the extent to which the Clause protects those records.

Even if Rep. Perry has not demonstrated the requisite likelihood of success on the merits, a stay is still warranted. Generally, a stay is "preventative[] or protective": "it seeks to maintain the status quo pending a final determination of the merits of the suit." *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C. Cir. 1977). As set forth below, Rep. Perry has made a strong showing that he would suffer irreparable harm absent a stay and the Government's and the public's interests further favor a stay. To the extent the sliding scale approach is applicable, "[t]he court is not required to find that ultimate success by the movant is a mathematical probability" but should consider the necessary level of "possibility of success" in light of its assessment of the other three factors. This appeal raises serious legal questions that will not be preserved for the Court's review if the Order is not stayed pending appeal.

14

**B.    Rep. Perry and the Legislative Branch Would Suffer Irreparable Harm Absent a Stay**

Absent a stay, Rep. Perry and the Legislative Branch will suffer irreparable harm. While "the concept of irreparable harm does not readily lend itself to definition, the courts have developed several well-known and indisputable principles to guide them in the determination of whether this requirement has been met":

> First, the injury must be both certain and great; it must be actual and not theoretical. Injunctive relief "will not be granted against something merely feared as liable to occur at some indefinite time," *Connecticut v. Massachusetts*, 282 U.S. 660, 674, 51 S.Ct. 286, 291, 75 L.Ed. 602 (1931); the party seeking injunctive relief must show that "[t]he injury complained of [is] of such imminence that there is a 'clear and present' need for equitable relief to prevent irreparable harm." *Ashland Oil, Inc. v. FTC*, 409 F. Supp. 297, 307 (D.D.C.), *aff'd*, 548 F.2d 977 (D.C. Cir. 1976) (citations and internal quotations omitted).

*Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985). And, "[i]mplicit in each of these principles is the further requirement that the movant substantiate the claim that irreparable injury is 'likely' to occur." *Id.* Additionally, the injury must be "beyond remediation." *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006).

Infringement of constitutional rights or immunities "unquestionably constitutes irreparable harm." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). This Court has agreed that the loss of a "constitutional privilege of critical importance," such as the protections under the Speech or Debate Clause, "would constitute the type of harm that is sufficient to satisfy the irreparable harm prong of the stay analysis."

15

(internal quotations omitted). *Jewish War Veterans of U.S., Inc. v. Gates*, 522 F. Supp. 2d 73, 81 (D.D.C. 2007). *See also Rayburn,* 497 F.3d 654 at 658 (D.C. Cir. 2007) (stay granted pending appeal on Speech or Debate Clause grounds); *In re Search of Elec. Commc'ns in the Acct. of chakafattah gmail.com at Internet Serv. Provider Google, Inc.*, 802 F.3d 516, 522 (3d Cir. 2015)(same).

Rep. Perry will unquestionably suffer irreparable harm absent a stay. Once his communications are disclosed to the Government, there is no possibility of remedy in the event of a remand or reversal by the Court of Appeals. The disclosure could not be corrected once the private communications are shared with the Government and, quite possibly, other third parties. In short, it will be impossible to "put the toothpaste back in its tube," and the damage to the protections Rep. Perry has under the Speech or Debate Clause will have been done.

The risk of irreparable harm to Rep. Perry goes beyond the disclosure context of the Order, which is not limited to the disclosure of materials to the Government. Rather, the district court made rulings on the extent to which the protections of the Speech or Debate Clause extend to particular categories and sub-categories of communications between Rep. Perry and other individuals, and it did not limit its decision to disclosure of the information. The ruling therefore potentially imperils Rep. Perry's reputation and his ability to object to the use of the material by the Government.

16

For the foregoing reasons, Rep. Perry has demonstrated that he will suffer irreparable harm absent a stay of the Order.

## C.    The Public Interest Supports a Stay

When the government is the nonmovant in a request for a stay, courts consider the harm to the opposing party and the public interest to be "one and the same, because the government's interest is the public interest." *America's Greatness v. Fed. Election Comm.*, 831 F.3d 500, 511 (D.C. Cir. 2016) (citing *Nken*, 556 U.S. at 435).

The public interest will be served by granting a stay of the Order. The "central role" of the Speech or Debate Clause is "to prevent intimidation of legislators by the Executive and accountability before a potentially hostile judiciary." *Gravel v. United States*, 408 U.S. 606, 617 (1972). See also *United States v. Myers*, 635 F.2d 932, 935–36 (2d Cir. 1980) ("[T]he Speech or Debate Clause . . . serves as a vital check upon the Executive and Judicial Branches to respect the independence of the Legislative Branch, not merely for the benefit of the Members of Congress, but, more importantly, for the right of the people to be fully and fearlessly represented by their elected Senators and Congressmen."); *Jewish War Veterans of U.S.*, 522 F. Supp. 2d at 83 (finding the public interest was best served by granting a stay with respect to production of documents allegedly protected from disclosure by the Speech or Debate Clause).

17

Rep. Perry is not the sole stakeholder in this case. His constituents also have an interest in ensuring that he is able on their behalf to investigate facts that are central to his legislative activity without fear of reprisal. Moreover, the House of Representatives has important institutional interests in the Speech or Debate issues presented by this case. It is not uncommon for the House of Representatives, through its General Counsel's Office, to file as *amicus curiae* brief in cases that raise significant Speech or Debate Clause issues.[10] The 118th Congress met for the first time on January 3, 2023. After the new Speaker is elected, counsel for Rep. Perry will request that the Court grant access to the sealed proceedings in this case so that

---

[10] *See, e.g.,* Br. of *Amicus Curiae* the [House] in Supp. of Pet'r, *Renzi v. United States,* No. 11-557, 2011 WL 6019914 (Sup. Ct, Dec. 2, 2011); Br. of the [House] *as Amicus Curiae, United States v. Renzi,* No. 13-10588 (9th Cir., Apr. 18, 2014) (ECF No. 40); Br.of the [House] as Amicus Curiae Supporting Affirmance . . ., *United States v. Verrusio,*No. 11-3080 (D.C. Cir. Feb. 5, 2013) (ECF No. 1418891); Br. of the [House] *as Amicus Curiae* in Supp. of Pet. for Reh'g *En Banc, United States v. Renzi,* Nos. 10-10088, 10122 (9th Cir., July 18, 2011) (ECF No. 46-1); *United States v. Renzi,* 651 F.3d 1012, 1015 (9th Cir. 2011); *In re Grand Jury Subpoenas,* 571 F.3d 1200 (D.C. Cir. 2009); *Fields v. Office of Eddie Bernice Johnson,* 459 F.3d 1, 3 (D.C. Cir. 2006) (en banc; *Beverly Enters., Inc. v. Trump,* 182 F.3d 183, 186 (3d Cir. 1999); *United States v.McDade,* 28 F.3d 283, 286 (3d Cir. 1994); *United States v. Swindall,* 971 F.2d 1531, 1534 (11th Cir. 1992); *United States v. Biaggi,* 853 F.2d 89, 90 (2d Cir. 1988); Mem. Of the [House] as *Amicus Curiae* Regarding Gov't's Contingent Mot. to Admit Evidence, *United States v. Renzi,* No. 4:08-cr-00212 (D. Ariz., May 6, 2013) (ECF No. 1168); Mem. of P. & A. as *Amicus Curiae* of the [House], *United States v. Renzi,* No. 4:08-cr-00212 (D. Ariz., Nov. 24, 2008) (ECF No. 198); *In re Search of Rayburn House Bldg,* 432 F. Supp. 2d 100, 105 (D.D.C. 2006), *rev'dsub nom., United States v. Rayburn House Office Bldg.,* 497 F.3d 654 (D.C. Cir. 2007).

the General Counsel of the House of Representatives may directly represent Congress' institutional prerogatives. Maintaining the *status quo* would provide the House of Representatives with an opportunity to weigh in on this important matter that will help to define the protections under the Speech or Debate Clause, and it is in the public's interest that this Court extend that opportunity to its co-equal branch by staying the Order pending appeal.

## CONCLUSION

Rep. Perry respectfully requests that this Court grant his emergency motion for stay of the district court's Order pending appeal.

Dated: January 5, 2023              Respectfully submitted,

**JPRowley Law PLLC**

  /s/ John P. Rowley III
John P. Rowley III
D.C. Bar No. 392629
1701 Pennsylvania Avenue, NW, Suite 200
Washington, D.C. 20006
(202) 525-6674
 john.rowley@jprowleylaw.com

**E&W LAW, LLC**

  /s/ John S. Irving
John S. Irving
D.C. Bar No. 460068
1455 Pennsylvania Avenue, N.W., Suite 400
Washington, D.C. 20004
(301) 807-5670
john.irving@earthandwatergroup.com

19

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 5, 2023, I electronically filed the foregoing Motion for Stay Pending Appeal with the Clerk for the United States Court of Appeals for the District of Columbia Circuit.  I also transmitted the Motion via electronic mail to the following Government counsel:

> Timothy A. (Tad) Duree
> Joseph Cooney
> Teresa McHenry

Respectfully submitted,

   /s/ John P. Rowley III
John P. Rowley III

# CERTIFICATE OF COMPLIANCE

1.     This motion complies with the type-volume requirements of Federal Rule of Appellate Procedure 27(d)(2) because the motion contains 4962 words; and

2.     This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the typestyle requirements of Federal Rule of Appellate Procedure 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Office Word in 14-point Times New Roman font.

Dated: January 5, 2023                         Respectfully submitted,

                                              /s/ John P. Rowley III
                                             John P. Rowley III

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 23-3001**
**UNDER SEAL**

**September Term, 2022**

**District Court Case No. 22-sc-2144**

**Filed On:**

**IN THE MATTER OF THE SEARCH OF FORENSIC COPY OF THE CELL PHONE OF REPRESENTATIVE SCOTT PERRY**

**BEFORE:**

### [PROPOSED] ORDER

Upon consideration of the emergency motion for stay pending appeal, it is

**ORDERED** that the Order of the District Court issued on December 28, 2022 (ECF No. 24) is hereby temporarily stayed, and that the United States shall be enjoined from receiving or reviewing any documents pursuant to that Order, pending further order of the Court. The purpose of this administrative injunction is to give the Court sufficient opportunity to consider the merits of the motion for stay pending appeal and should not be construed in any way as a ruling on the merits of that motion. See D.C. Circuit Handbook of Practice and Internal Procedures 32-33 (2021).

### Per Curiam