No. 23-3001 (UNDER SEAL)

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

IN THE MATTER OF THE SEARCH OF THE FORENSIC COPY OF THE CELL PHONE OF REPRESENTATIVE SCOTT PERRY

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Case No. 22-sc-2144 (Under Seal)

---

## MOTION OF THE GENERAL COUNSEL FOR THE U.S. HOUSE OF REPRESENTATIVES FOR ACCESS TO SEALED MATERIALS AND FOR LEAVE TO SHARE SEALED MATERIALS WITH THE BIPARTISAN LEGAL ADVISORY GROUP

Pursuant to Rules 27 and 29 of the Federal Rules of Appellate Procedure and Rule 47 of the Federal Rules of Criminal Procedure, Todd B. Tatelman, Acting General Counsel for the U.S. House of Representatives ("General Counsel"), respectfully moves for entry of an order granting the Office of General Counsel of the U.S. House of Representatives and its staff access to the docket and proceedings in the district court, including any and all briefing by the parties, exhibits, orders and opinions issued by the district court.[1]

---

[1] The Bipartisan Legal Advisory Group voted unanimously (5-0) to authorize the filing of this motion.

In addition, the General Counsel respectfully moves for an order allowing him to share that material with specified House Leadership staff for the Bipartisan Legal Advisory Group of the U.S. House of Representatives ("Bipartisan Group"). The General Counsel so moves to enable the Bipartisan Group to determine whether to seek leave to file an *amicus curiae* memorandum on issues related to the application of the Speech or Debate Clause of the United States Constitution, U.S. Const., Art. I, § 6, cl. 1, to the search of a forensic copy of Representative Scott Perry's cellular telephone.

The General Counsel anticipates that, if this motion is granted, the Bipartisan Group (i) will be able to determine, in short order, whether to seek leave to file as *amicus curiae*, and (ii) if it were to determine to seek leave, will be able to so move, with its proposed memorandum attached, shortly thereafter.

On January 26 and 27, undersigned counsel conferred with John P. Rowley, III, counsel for Representative Scott Perry, and John M. Pellettieri, Assistant Special Counsel for the United States. Mr. Rowley has advised that Representative Perry supports the relief requested. Mr. Pellettieri has indicated that the United States does not oppose an *amicus curiae* brief by the House, but does oppose the request for access to all portions of all materials currently under seal.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Bipartisan Group—currently composed of the Honorable Kevin McCarthy, Speaker; the Honorable Steve Scalise, Majority Leader; the Honorable, Tom Emmer, Majority Whip; the Honorable Hakeem Jeffries, Democratic Leader; and the Honorable Katherine Clark, Democratic Whip—"unless otherwise provided by the House, . . . speaks for, and articulates the institutional position of, the House in all litigation matters."  Rule II.8(b), Rules of the U.S. House of Representatives, 118th Cong. (2023).[2]  Consistent with its role, the Office of General Counsel routinely litigates issues of institutional concern to the House, sometimes as counsel for the House, a House entity, or a House employee as a party,[3] and sometimes as counsel for the House or a House entity as *amicus*

---

[2] *Available at* https://perma.cc/NJ8D-SJSH.

[3] *See, e.g.*, *California v. Texas*, 141 S. Ct. 2104 (2021); *Trump v. Mazars USA, LLP*, 140 S. Ct. 2019 (2020); *Comm. on Ways & Means v. U.S. Dep't of Treasury*, 45 F.4th 324 (D.C. Cir. 2022); *Trump v. Thompson*, 20 F.4th 10 (D.C. Cir. 2021); *McCarthy v. Pelosi*, 5 F.4th 34 (D.C. Cir. 2021), *cert. denied*, 142 S. Ct. 897 (2022); *U.S. House of Representatives v. Mnuchin*, 976 F.3d 1 (D.C. Cir. 2020); *Comm. on Judiciary v. McGahn*, 968 F.3d 755 (D.C. Cir. 2020); *In re Comm. on the Judiciary*, 951 F.3d 589 (D.C. Cir. 2020); *Comm. on Oversight & Gov't Reform v. Lynch*, 156 F. Supp. 3d 101 (D.D.C. 2016); *U.S. House of Representatives v. Burwell*, 130 F. Supp. 3d 53 (D.D.C. 2015); *S.E.C. v. Comm. on Ways & Means*, 161 F. Supp. 3d 199 (S.D.N.Y. 2015).

*curiae*,[4] including in sealed matters (not cited here because of their confidential nature), to articulate the House's institutional interests.

Notably, attorneys in the Office of the General Counsel have been granted access to sealed materials related to other federal grand jury proceedings in recent years, also for the purpose of determining whether issues presented in those proceedings raised institutional concerns for the House. *See, e.g.*, Order, *In re Springfield Grand Jury Investigation*, No. 15-mc-3005 (C.D. Ill. July 23, 2015), ECF No. 36.

---

[4] *See, e.g.*, Entry Granting Mot. for Leave to File Amicus Br., *United States v. Bannon*, No. 21-cr-00670 (D.D.C. May 25, 2022), ECF No. 76; Order, *United States v. Navarro*, No. 22-cr-00200 (D.D.C. Sept. 13, 2022) (granting motion of the U.S. House of Representatives for leave to file as amicus curiae); Order, *United States v. Collins*, No. 18-cr-567 (S.D.N.Y. Apr. 3, 2019), ECF No. 77 (granting motion of the U.S. House of Representatives for leave to file as amicus curiae); *In the Matter of the Search of: Elec. Commc'n (Both Sent & Received) in the Acct. of Chakafattah@gmail.com at Internet Serv. Provider Google, Inc.*, No. 14-mj-617 (E.D. Pa. July 24, 2017); Sealed Text Order, *In re Grand Jury Subpoena #0714-SGJ-002330*, 15-mc-3005 (C.D. Ill. July 28, 2015) (granting motion of the U.S. House of Representatives for leave to file as *amicus curiae*); Br. of *Amicus Curiae* [House] in Supp. of Pet'r, *Renzi v. United States*, No. 14-1082, 2015 WL 1619417 (U.S. Apr. 8, 2015); Br. of *Amicus Curiae* [House] in Supp. of Pet'r, *Renzi v. United States*, No. 11-557, 2011 WL 6019914 (U.S. Dec. 2, 2011); Br. of [House] as *Amicus Curiae* Supporting Affirmance, *Council of the Dist. of Columbia v. Gray*, No. 14-7067, 2014 WL 3884208 (D.C. Cir. Aug. 7, 2014); *Cause of Action v. Nat'l Archives & Records Admin.*, 753 F.3d 210, 211 (D.C. Cir. 2014); Br. of [House] as *Amicus Curiae*, *United States v. Renzi*, No. 13-10588, 2014 WL 1664044 (9th Cir. Apr. 15, 2014); Br. of [House] as *Amicus Curiae* Supporting Affirmance, *United States v. Verrusio*, No. 11-3080, 2013 WL 442013 (D.C. Cir. Feb. 5, 2013); *Council of the Dist. of Columbia v. Gray*, 42 F. Supp. 3d 134, 137 n.1 (D.D.C. 2014).

Furthermore, access is not being sought for any person beyond those necessary to review and determine whether the House should file an *amicus curiae* brief. The General Counsel specifically requests that only those individuals directly connected to the process of advising the House Leadership on the feasibility and desirability of such *amicus curiae* brief have access to the requested sealed material. Those persons are:

- Todd B. Tatelman, Acting General Counsel;
- Sarah E. Clouse, Associate General Counsel;
- Brooks M. Hanner, Associate General Counsel;
- Jennifer Kaplan, Law Clerk, Office of General Counsel; and
- Alyssa Calcerano, Law Clerk, Office of General Counsel.

In addition, and as an operational matter, the attorneys in the General Counsel's office routinely interface with the Bipartisan Group through senior staffers—one for each Member of the House Leadership—who are tasked with advising and assisting the Members on Bipartisan Group-related matters. Those individuals also require access to advise the House Leadership regarding the filing of any potential *amicus curiae* brief. The senior staff are as follows:

- Machalagh Carr, General Counsel to Speaker McCarthy;
- Ashley Callen, Counsel to Majority Leader Scalise;
- Jason Rogers, Counsel for Majority Whip Emmer;

- Zoe Oreck, Counsel to Democratic Leader Jeffries; and
- Diana Rudd, Senior Counsel to Democratic Whip Clark.

Here, the Bipartisan Group has been made aware that the parties are litigating an issue of substantial institutional interest to the House: the scope and application of the Speech or Debate Clause as it relates to the search of a forensic copy of a cellular device belonging to one of its Members. The General Counsel believes that an *amicus curiae* memorandum from the Bipartisan Group—should it elect to move for leave to file such a memorandum, and should the Court grant such a motion—would be of considerable value to the Court.

Accordingly, the General Counsel requests that the Court:

- grant access for the General Counsel and staff listed above to the entire district court docket, including all pleadings, exhibits, and court orders;
- authorize the General Counsel to share with the Bipartisan Group (including the five senior staffers identified above) the information obtained.

Members of the Bipartisan Group, and their respective senior advisors, have been granted access to sealed materials in other similar proceedings, also for the purpose of determining whether the Bipartisan Group should file as *amicus curiae*.

6

## CONCLUSION

For all the foregoing reasons, this motion should be granted.

                                                 Respectfully submitted,

                                                 */s/ Todd B. Tatelman*
                                               Todd B. Tatelman, VA Bar 66008[*]
                                             Acting General Counsel

                                             OFFICE OF GENERAL COUNSEL
                                             U.S. HOUSE OF REPRESENTATIVES
                                             5140 O'Neill House Office Building
                                             Washington, D.C. 20515
                                             (202) 225-9700
                                             Todd.Tatelman@mail.house.gov

January 27, 2023

---

[*] Attorneys in the Office of General Counsel for the U.S. House of Representatives are "entitled, for the purpose of performing the counsel's functions, to enter an appearance in any proceeding before any court of the United States . . . without compliance with any requirement for admission to practice before such court . . . ." 2 U.S.C. § 5771.

## CERTIFICATE OF SERVICE

I certify that on January 27, 2023, I served one copy of the foregoing Motion of the General Counsel for the U.S. House of Representatives for Access to Sealed Materials and For Leave to Share Sealed Materials with the Bipartisan Legal Advisory Group by electronic mail, on:

John P. Rowley III
SECIL Law PLLC
1701 Pennsylvania Ave., NW, Suite 200
Washington, D.C. 20006
202-417-8652
jrowley@secillaw.com

*Counsel for Representative Scott Perry*

John M. Pellettieri
Appellate Section, Criminal Division
Department of Justice
950 Pennsylvania Avenue, N.W., Room 1260
Washington, D.C. 20530
202-714-3913
john.pellettieri@usdoj.gov

*Counsel for the United States*

                                     */s/ Todd B. Tatelman*
                                     Todd B. Tatelman

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I certify that this Motion complies with the type-volume limitation of Rule 27(d)(2), as it contains 1,388 words.

*/s/ Todd B. Tatelman*
Todd B. Tatelman

January 27, 2023