**[ORAL ARGUMENT SCHEDULED FOR FEBRUARY 23, 2023]**

No. 23-3001

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

In Re: SEALED CASE

**FILED UNDER SEAL**

---

On Appeal from the United States District Court for the District of Columbia

---

**RESPONSE TO MOTION TO UNSEAL**

---

The United States respectfully responds to the request of movant, the Reporters Committee for Freedom of the Press, to unseal the materials filed in this Court and to conduct a public oral argument. This appeal arises from an ongoing criminal investigation, and any wholesale unsealing of the appeal could impair the integrity of that investigation. The government, however, agrees that certain materials, appropriately redacted, can be unsealed and made public without causing harm to the ongoing investigation or to individuals whose names may arise in this proceeding but who would have no opportunity to respond to any suggestion that they may have been involved in wrongdoing. Although the movant's filing is framed in different terms, the government understands the movant to acknowledge that at least certain redactions are appropriate. Accordingly, consistent with this Court's

prior practice, and in order to protect the integrity of an ongoing investigation and the privacy of individuals who have not been charged with any crime, the government respectfully suggests that the parties to this appeal propose redactions to their briefs. The government further suggests that oral argument occur in a closed setting but that the parties obtain a transcript of the argument and propose redactions. Finally, the government suggests referring the request for record redactions to the district court.

## BACKGROUND

On November 18, 2022, Attorney General Merrick Garland issued an order appointing Jack L. Smith as Special Counsel. Office of the Attorney Gen., U.S. Dep't of Justice, Order No. 5559-2022, *Appointment of John L. Smith as Special Counsel* (Nov. 18, 2022).[1] "The Special Counsel," the Order stated, "is authorized to conduct the ongoing investigation into whether any person or entity violated the law in connection with efforts to interfere with the lawful transfer of power following the 2020 presidential election or the certification of the Electoral College vote held on or about January 6, 2021." *Id.* at 1.[2] The Order further authorized the Special

---

[1] https://perma.cc/TX3P-RVXK

[2] This authorization "does not apply to prosecutions" that were then "pending in the District of Columbia, as well as future investigations and prosecutions of individuals for offenses they committed while physically present on the Capitol grounds on January 6, 2021." Order No. 5559-2022, at 1.

Counsel to investigate "any matters that arose or might arise directly from this investigation or that are within the scope of 28 C.F.R. § 600.4(a)." *Id.* The Order also authorized the Special Counsel "to conduct the ongoing investigation referenced and described in the United States' Response to Motion for Judicial Oversight and Additional Relief, *Donald J. Trump v. United States*, No. 9:22-CV-81294-AMC (S.D. Fla. Aug. 30, 2022) (ECF No. 48 at 5-13), as well as any matters that arose or may arise directly from this investigation or that are within the scope of 28 C.F.R. § 600.4(a)." *Id.* at 2.

These investigations are ongoing. They consist of multiple lines of inquiry within the overall scope of the Special Counsel's authority. Many aspects of each investigation are factually and legally interconnected: they involve overlapping courses of conduct, relationships, and events; and they rely on similar sources, methods, and techniques. These investigations are not complete, and their details remain non-public. In order to protect the integrity of ongoing lines of investigation, the district court in this case sealed the proceedings before it.

**ARGUMENT**

**1.** This appeal arises from a sensitive criminal investigation, and the government's conduct of the investigation remains ongoing. This appeal is also proceeding on a highly expedited schedule. By necessity, the parties must address or reference various facts and information related to that investigation. Revealing

3

such information publicly would threaten the integrity of the investigation in a number of ways. If made public, those facts could reveal or suggest the scope or direction of the government's ongoing investigation. Once alerted to areas of investigative focus or the scope of evidence available to law enforcement, potential subject(s) could be prompted to destroy or conceal incriminating evidence, attempt to influence or intimidate potential witnesses, or otherwise take steps to undermine the investigation. In addition, those facts could suggest wrongdoing by parties without a forum to defend themselves.[3]

Although providing full access to the parties' briefs could threaten the integrity of the government's investigation and harm third parties, this appeal presents certain questions of law that, with appropriate and careful redaction, can be separated from sensitive facts and released publicly without harming the ongoing investigation or individuals who have not been charged with any crime. To that end, the government proposes that the parties submit redacted briefs. Specifically, the government suggests that the parties to this appeal—the appellant and appellee—propose redactions to shield factual or other information concerning the nature,

---

[3] Because this response is being served on the movant, the government is limited in its ability to provide further detail. The government is simultaneously filing a separate response that is not served on the movant and that provides additional details. And, upon request, the government stands willing to file additional information under seal and *ex parte*.

scope, or direction of the ongoing investigation or any other information that could damage the integrity of the ongoing investigation or any unindicted individual's reputation. The government suggests that the Court order each party to propose redactions to its own brief(s) and then permit the opposing party to file a response to the proposed redactions. Because any opinion that this Court issues may inform the appropriate redactions, the government respectfully suggests that the parties have 21 days following issuance of an opinion to propose their redactions and then 14 days to respond to each other's proposals. This is consistent with the approach that this Court has followed in other expedited and sensitive litigation. *See, e.g.*, *In re: Grand Jury Subpoena*, No. 18-3071 (D.C. Cir.).[4]

**2.** In seeking redacted materials here, the movant invokes a presumptive right of access to certain judicial proceedings based on both the First Amendment and the common law. The government respectfully disagrees with aspects of the movant's

---

[4] Alternatively, the government suggests that the parties submit the same proposed redacted briefs 21 days after oral argument in this case. In light of the extraordinarily expedited briefing schedule in this appeal, as well as the risk of inadvertently disclosing information that, viewed alone or alongside other information, could harm the ongoing investigation, the government's proposed schedule would mitigate the risk of inadvertent disclosure, without unduly delaying release of non-sensitive information. *See United States v. Index Newspapers LLC*, 766 F.3d 1072, 1095 (9th Cir. 2014) (noting that "even seemingly innocuous information" can be "entangled" with sensitive information); *see also, e.g.*, Administrative Order Regarding Appendices in Guantanamo Habeas Appeals (D.C. Cir. May 25, 2010) (directing the government to file public briefs within four weeks of a classified or sealed filing).

analysis. It is unnecessary, however, for the Court to address those issues. The government's proposed approach would disclose on the public record the arguments of the parties while protecting investigative needs and weighty privacy interests. That appears to reach the same substantive result—public filings, redacted to protect ongoing investigations and privacy interests—that would occur if the Court granted the motion, which likewise contemplates the filing of redacted documents. *See* Mot. 13-15, 18. Until the parties have proposed redactions, any daylight that may exist between the government's approach and movant's is unclear, and it would be premature for the Court to address any hypothetical disagreements in the abstract.

Even were a First Amendment or common law right of access applicable here, as movant contends, these weighty interests in protecting the ongoing investigation and privacy would shield from disclosure various sensitive information. As numerous courts have recognized, the government has a "compelling" interest "in protecting the integrity of an ongoing law enforcement investigation." *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 579 (4th Cir. 2004); *see also, e.g.*, *Washington Post v. Robinson*, 935 F.2d 282, 291 (D.C. Cir. 1991) (harm to ongoing investigation justifies sealing plea agreement); *In re Search Warrant for Secretarial Area Outside Office of Gunn* (*Gunn*), 855 F.2d 569, 574 (8th Cir. 1988) (describing the "compelling government interest" in safeguarding "the on-going investigation"). And courts are likewise reluctant to release information that "could

6

damage an unindicted" person's "reputation while leaving no judicial forum to rehabilitate that reputation." *United States v. Sealed Search Warrants*, 868 F.3d 385, 395 (5th Cir. 2017) (common law right of access); *see also, e.g.*, *Times Mirror, Co. v. United States*, 873 F.2d 1210, 1216 (9th Cir. 1989) ("Persons who prove to be innocent are frequently the subjects of government investigations," and information gleaned through out of context filings "may supply only the barest details of the government's reasons for believing that an individual may be engaging in criminal activity" and leave that person with "no forum in which to exonerate themselves." (discussing whether a qualified First Amendment right should attach at all)).

**3.** The movant additionally requests that the oral argument in this case be open to the public and the press. Mot. 1, 19. The motion, however, does not address the serious risk of sensitive or private information being directly at issue at the argument or being disclosed inadvertently. As noted, this appeal concerns not just questions of law but also questions about how to apply law to facts. Consequently, the Court or the parties may need to discuss or may inadvertently reference various facts related to the ongoing investigation. Were such information disclosed in a public oral argument, the government would be unable to alleviate the harms; once the proverbial "cat is out of the bag," there would be no effective way of recapturing it. *United States v. Smith*, 123 F.3d 140, 154-155 n.16 (3d Cir. 1997) (quoting *In re Charlotte Observer*, 921 F.2d 47, 50 (4th Cir. 1990)); *see also id.* at 153-154 (noting

that efforts to divide a hearing about grand jury material into public and non-public parts can be "cumbersome, impractical, and inefficient"). The government does not believe that it would be possible to conduct a public argument without risking disclosure of sensitive information and chilling the parties' ability to provide thorough and complete answers to the Court's questions. For that reason, the government suggests that the parties obtain a transcript and then propose redactions within 30 days of the issuance of an opinion. *Cf. In re: Grand Jury Subpoena*, No. 18-3071 (D.C. Cir.) (redacted transcript filed June 21, 2019).[5] The redacted transcript could then be released publicly, thereby accommodating the movant's interest in access to the argument in this case.

**4.** As for materials in the Joint Appendix, the government suggests that this Court follow its ordinary practice and refer the request to unseal those record documents to the district court. *See* D.C. Cir. R. 47.1(c). "Every court has supervisory power over its own records . . . ." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Thus, it is appropriate—and more efficient—for the district court to consider whether the record items from the district court should be unsealed, and what redactions are necessary. Given that court's familiarity with the record and with related matters, as well as the volume and granular nature of those

---

[5] Alternatively, the government suggests that the parties submit the same proposed redactions within 30 days after oral argument.

materials, it is well positioned to consider the risks to sensitive matters and the burden of further redactions. *See United States v. Index Newspapers, LLC*, 766 F.3d 1072, 1095 (9th Cir. 2014) ("[E]ven seemingly innocuous information can be so entangled with secrets that redaction will not be effective. Alternatively, if the record is sufficiently voluminous, the consequences of disclosure sufficiently grave or the risks of accidental disclosure sufficiently great, the balance may well tip in favor of keeping records sealed." (citation omitted)); *see also Gunn*, 855 F.2d at 574 (redactions "not practicable" where much of the documents reference sources, methods, third parties, or "scope and direction" of the ongoing investigation). This Court regularly proceeds in that fashion. *See, e.g.*, Order at 2, *In re: Grand Jury Subpoena*, No. 18-3071 (D.C. Cir. Apr. 23, 2019); Order at 1-2, *Garza v. Hargan*, No. 17-5276 (D.C. Cir. Dec. 20, 2017); Order at 2, *Abou-Hussein v. Gates*, No. 09-5358 (D.C. Cir. June 11, 2010); *see also, e.g.*, *Index Newspapers*, 766 F.3d at 1097. (remanding for unsealing of filings with the direction that "[t]he government shall be given an opportunity to propose redactions before these filings are unsealed").

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court direct the parties to propose redactions to the briefs filed in this Court and to an oral argument transcript and that the Court defer questions about redacting record materials to the district court.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant
  Attorney General

Gerard Sinzdak
Civil Division, Appellate Staff

JACK SMITH
Special Counsel

By: /s/_____
John M. Pellettieri
Timothy A. Duree
Assistant Special Counsels

FEBRUARY 2023

## CERTIFICATE OF COMPLIANCE WITH
## FEDERAL RULE OF APPELLATE PROCEDURE 27(d)

I hereby certify that this motion complies with Federal Rule of Appellate Procedure 27(d)(1) because it has been prepared in 14-point Times New Roman, a proportionally spaced font. I further certify that it complies with Federal Rule of Appellate Procedure 27(d)(2) because it contains 2,112 words, according to the count of Microsoft Word.

/s/
JOHN M. PELLETTIERI

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on February 10, 2023, before 4 p.m., I filed the foregoing document with the Clerk of the Court by causing it to be sent via email. I certify that service will be accomplished by email to counsel of record.

/s/
JOHN M. PELLETTIERI