No. 23-3001

# IN THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

IN RE SEALED CASE

On Appeal from the United States District Court
for the District of Columbia
Case No. 1:22-sc-02144-BAH (The Honorable Beryl A. Howell)

**REPLY OF THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS IN SUPPORT OF MOTION TO UNSEAL JUDICIAL RECORDS**

Katie Townsend
*Counsel of Record*
Grayson Clary
REPORTERS COMMITTEE FOR
  FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
Telephone: (202) 795-9300
Facsimile: (202) 795-9310

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... iii

SUMMARY OF ARGUMENT ................................................................................1

ARGUMENT .............................................................................................................4

    I.    The Government's proposal to defer transparency until after this Court decides this appeal would violate the public's contemporaneous right of access to judicial records. ....................................4

    II.    The press and public should be afforded a meaningful opportunity to respond to the parties' proposed redactions. ..................................6

    III.    The Government has not justified wholly closing oral argument. .................9

CONCLUSION .......................................................................................................11

CERTIFICATE OF COMPLIANCE ....................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Courthouse News Serv. v. Planet*,
  947 F.3d 581 (9th Cir. 2020) ................................................................................3

*Doe v. City of New York*,
  No. 1:22-cv-7910, 2022 WL 15153410 (S.D.N.Y. Oct. 26, 2022) .......................7

*Doe v. Mattis*,
  889 F.3d 745 (D.C. Cir. 2018) .........................................................................2, 5

*Doe v. Pub. Citizen*,
  749 F.3d 246 (4th Cir. 2014) ................................................................................3

*EEOC v. Nat'l Children's Ctr., Inc.*,
  98 F.3d 1406 (D.C. Cir. 1996) .............................................................................4

*Globe Newspaper Co. v. Superior Court*,
  457 U.S. 596 (1982) .........................................................................................1, 7

*Grove Fresh Distribs., Inc. v. Everfresh Juice Co.*,
  24 F.3d 893 (7th Cir. 1994) .............................................................................3, 4

*In re Cap. Cities/ABC, Inc.'s Application for Access to Sealed Transcripts*,
  913 F.2d 89 (3d Cir. 1990) ...............................................................................7, 9

*In re Krynicki*,
  983 F.2d 74 (7th Cir. 1992) ..................................................................................4

*In re L.A. Times Commc'ns LLC*,
  28 F.4th 292 (D.C. Cir. 2022) .....................................................................2, 6, 8

*In re L.A. Times Commc'ns LLC*,
  No. 21-16, 2022 WL 3714289 (D.D.C. Aug. 29, 2022) ..................................2, 8

*In re Motions of Dow Jones & Co.*,
  142 F.3d 496 (D.C. Cir. 1998) .............................................................................9

*Judicial Watch, Inc. v. FDA*,
  449 F.3d 141 (D.C. Cir. 2006) .........................................................................6, 7

*MetLife, Inc. v. Fin. Stability Oversight Council*,
  865 F.3d 661 (D.C. Cir. 2017) ...........................................................................5

*Press-Enter. Co. v. Superior Court*,
  464 U.S. 501 (1984) ...........................................................................................9

*Richmond Newspapers, Inc. v. Virginia*,
  448 U.S. 555 (1980) ...........................................................................................3

*United States v. Abuhamra*,
  389 F.3d 309 (2d Cir. 2004) ...............................................................................7

*United States v. Moussaoui*,
  65 F. App'x 881 (4th Cir. 2003) .........................................................................9

*United States v. Smith*,
  123 F.3d 140 (3d Cir. 1997) ...............................................................................9

*Wash. Post v. Robinson*,
  935 F.2d 282 (D.C. Cir. 1991) .......................................................................1, 3

## Other Authorities

Cir. R. 47.1 ...............................................................................................................5

Courtroom Minutes of Oral Argument,
  *Doe v. Mattis*, No. 18-5032 (D.C. Cir. Apr. 27, 2018).........................................2

Courtroom Minutes of Oral Argument,
  *In re L.A. Times Commc'ns LLC*, No. 21-5128 (D.C. Cir. Feb. 2, 2022) .............2

Josh Gerstein & Kyle Cheney, *Secret Hold Restricts DOJ's Bid to Access Phone of Trump Ally Rep. Scott Perry*, POLITICO (Jan. 30, 2023),
  https://perma.cc/B58S-MBCM...........................................................................10

Mot. of the Reporters Comm. for Freedom of the Press,
  *In re Grand Jury Subpoena*, No. 18-3071 (D.C. Cir. Jan. 9, 2019) ......................4

Notice of Filing Sealed Brief,
  *Doe v. Mattis*, No. 18-5032 (D.C. Cir. Feb. 16, 2018)..........................................5

## SUMMARY OF ARGUMENT

The Government's concession that blanket, wholesale sealing was never necessary in this matter is welcome, but its proposal for further proceedings falls short of the transparency that the common law and First Amendment require.[1]

First, the Government's suggestion that press and public access be deferred entirely until this Court has reached a decision on the merits is inconsistent with this Circuit's guidance that "*contemporaneous* access" to judicial records is indispensable "to the public's role as overseer of the criminal justice process." *Wash. Post v. Robinson*, 935 F.2d 282, 287 (D.C. Cir. 1991). The unsealing of party and third-party filings, this Court's orders, and the record[2] is already overdue. They should be made public—subject only to any redactions justified by a compelling need—in time for the public to understand the oral argument.

---

[1] The Reporters Committee was not served with Congressman Perry's response, even though Perry has openly discussed the proceedings in this Court with members of the news media since the motion to unseal was filed. *See* Kyle Cheney, *Perry's DOJ Fight*, POLITICO (Feb. 7, 2023), https://www.politico.com/minutes/congress/02-7-2023/perrys-doj-fight/.

[2] The Reporters Committee does not object to referral of the record to the District Court, *see* Cir. R. 47.1(c), with the exception of any portions relied upon in this Court's orders and the parties' briefs, *see* Order, *In re Grand Jury Subpoena*, No. 18-3071 (D.C. Cir. Apr. 23, 2019) (declining to refer those portions of the record that "informed [this Court's] reasoning" and would allow the public to "scrutinize the government's assertion of power" in its filings (citations omitted)).

Second, the Government's proposal that only the parties be given a chance to respond to each other's proposed redactions—presumably trading their justifications under seal—is inconsistent with the First Amendment and basic principles of due process. As the Supreme Court has held, "representatives of the press and general public" must also "be given an opportunity to be heard on the question of their exclusion." *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 609 n.25 (1982) (citation omitted). This Court recently reaffirmed as much in a case involving (like this one) access to judicial records in a matter related to the investigation of a sitting member of Congress, then-Senator Richard Burr. *See In re L.A. Times Commc'ns LLC*, 28 F.4th 292, 298–99 (D.C. Cir. 2022). As those proceedings underline, due process and the rights of access require that parties file their proposed redactions—accompanied by public justifications—on the public docket, to ensure the public an opportunity to meaningfully challenge their basis *before* this Court decides the extent of any continued sealing. *See In re L.A. Times Commc'ns LLC*, No. 21-16, 2022 WL 3714289, at *3–4 (D.D.C. Aug. 29, 2022).

Finally, the Government's suggestion that public oral argument is not possible is without merit. Given the "presumption of openness in judicial proceedings," this Court has held bifurcated arguments in cases involving secrets considerably more "sensitive" than any at issue here. *Doe v. Mattis*, 889 F.3d 745, 769 n.1 (D.C. Cir. 2018) (Henderson, J., dissenting) (citation omitted); *see*

2

Courtroom Minutes of Oral Argument, *Doe v. Mattis*, No. 18-5032 (D.C. Cir. Apr. 27, 2018) (noting that this Court held "both public and closed sessions"). Indeed, this Court held bifurcated arguments just last year in the case involving the investigation of Senator Burr. *See* Courtroom Minutes of Oral Argument, *In re L.A. Times Commc'ns LLC*, No. 21-5128 (D.C. Cir. Feb. 2, 2022). The Government does not—and could not reasonably—dispute that the First Amendment guarantees presumptive access to the oral argument here, and its brief falls well short of offering compelling reasons to exclude the public entirely.

For the reasons herein and in its motion to unseal, the Reporters Committee respectfully urges this Court to unseal its orders and third-party filings immediately;[3] order that the parties publicly file proposed redacted versions of their filings—accompanied by public justifications to which the public may meaningfully respond—no later than February 22; and provide for public access, at least in part, to the oral argument scheduled for February 23.

---

[3] In particular, the Reporters Committee again urges that all of the filings related to its motion to unseal—including this Court's order, the responses, and this reply—be made public immediately. Those records "obviously reveal nothing" about any underlying investigation, *In re Motions of Dow Jones & Co.*, 142 F.3d 496, 501 n.8 (D.C. Cir. 1998), as the Government's response appears to agree, *see* Gov't Resp. at 4 n.3. The same is true of the House's motion to intervene, which the Government's proposal fails to address.

3

# ARGUMENT

I. **The Government's proposal to defer transparency until after this Court decides this appeal would violate the public's contemporaneous right of access to judicial records.**

This Court's precedent is clear: The public's right of access to judicial records and proceedings is a right of "*contemporaneous* access," because it is "contemporaneous review in the forum of public opinion" that acts as "an effective restraint on the possible abuse of judicial power." *Robinson*, 935 F.2d at 287 (quoting *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 592 (1980) (Brennan, J., concurring)); *accord Courthouse News Serv. v. Planet*, 947 F.3d 581, 594 (9th Cir. 2020); *Doe v. Pub. Citizen*, 749 F.3d 246, 272 (4th Cir. 2014); *Grove Fresh Distribs., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994). The Government's proposal to delay unsealing a single word of any brief, argument, or order in this Court until after the appeal is resolved flouts that rule. Its approach would "undermine[] the benefit of public scrutiny and may have the same result as complete suppression," *Grove Fresh*, 24 F.3d at 897, running the risk that "the ensuing decision [will] look more like fiat," *In re Krynicki*, 983 F.2d 74, 75 (7th Cir. 1992). This Court should require prompt transparency instead.

The Government's arguments for delaying press and public access are meritless. For one, they ignore that the Court has already issued consequential decisions—"the quintessential business of the public's institutions," *EEOC v. Nat'l*

4

*Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)—on the stay motion. But because of the extreme secrecy imposed, the public cannot judge whether those orders were an exercise of "reason." *In re Krynicki*, 983 F.2d at 75. To suggest the public's right to understand those orders (and the arguments underlying them) should wait until this Court issues a different opinion is a non sequitur.

The Government's proffered precedents for its approach are unpersuasive. In the Mueller grand jury matter, nothing was unsealed until an opinion issued because no motion to unseal was filed until the opinion issued—it was only at that point that the public learned "[f]or the first time in th[e] litigation . . . the nature of the[] proceedings." Mot. of the Reporters Comm. for Freedom of the Press at 1, *In re Grand Jury Subpoena*, No. 18-3071 (D.C. Cir. Jan. 9, 2019). That example hardly stands for the proposition that delay is appropriate where, as here, extensive information is already public, the Government does not defend the view that blanket secrecy is justified, and the public has already moved for access.

Even less persuasive is the Government's suggestion that a delay would be appropriate here because delay has been permitted in Guantanamo habeas appeals rife with classified information. *See* Gov't Resp. at 5 n.4. It should go without saying that those *sui generis* procedures have no application to this case. On the contrary, the Circuit rules that apply to this appeal make clear that the parties should have filed both sealed and public versions of their briefs in the first

5

instance. *See* Cir. R. 47.1(d)(1). This Court has insisted on compliance with that rule even in cases involving, for example, the nation's most "sensitive diplomatic interests." *Mattis*, 889 F.3d at 769 n.1 (Henderson, J., dissenting); *see also* Notice of Filing Sealed Brief, *Doe v. Mattis*, No. 18-5032 (D.C. Cir. Feb. 16, 2018) (noting the Government's simultaneous filing of sealed and redacted public briefs).

To *further* delay access because the parties (the Government included) violated that expectation here—filing too much under seal, without adequate justification, in the first instance—would create a perverse incentive for litigants to do as little as possible to uphold the openness so "important to maintaining the integrity and legitimacy of an independent Judicial Branch." *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 663 (D.C. Cir. 2017). The Reporters Committee instead urges this Court to unseal its orders; unseal the filings related to the Reporters Committee and the House's motions, which contain no sensitive information; and order the parties to publicly file redacted versions of their other filings by February 22, in advance of the argument scheduled for February 23.

II. **The press and public should be afforded a meaningful opportunity to respond to the parties' proposed redactions.**

The Government's proposal also contemplates that only the parties will have an opportunity to respond to each other's proposed redactions—presumably filed under seal—before this Court rules on the propriety of any continued sealing. That approach would deny the public a meaningful opportunity to be heard and would

6

predictably produce unjustified secrecy. Due process and the public's rights of access require more. *See In re L.A. Times Commc'ns LLC*, 28 F.4th at 298.

As a threshold matter, this Court has held that any brief filed in support of sealing judicial records is, itself, "a classic example of a document intended to influence judicial decision-making and is therefore a judicial record." *Id.* at 296. The Government cannot possibly overcome the presumption of access with respect to the entirety of any briefing in support of its proposed redactions. For one, it goes without saying that no interest justifies sealing any material that neither party proposes to redact. Moreover, it is a routine expectation of transparency litigation that the Government be prepared "to justify its actions without compromising its original withholdings by disclosing too much information," *Judicial Watch, Inc. v. FDA*, 449 F.3d 141, 146 (D.C. Cir. 2006), and as any number of courts have observed, "[a] motion to seal itself should not generally require sealing or redaction because litigants should be able to address the applicable standard without specific reference to confidential information," *Doe v. City of New York*, No. 1:22-cv-7910, 2022 WL 15153410, at *4 (S.D.N.Y. Oct. 26, 2022) (citation omitted) (collecting cases). The Government's response, which avoids disclosure of any investigative facts, illustrates as much. *See* Gov't Resp. at 4 n.3. The parties' justifications for sealing should face public scrutiny on the public docket.

7

The First Amendment and due process are in accord. That "representatives of the press and general public must be given an opportunity to be heard on the question of their exclusion" is axiomatic. *Globe Newspaper Co.*, 457 U.S. at 609 n.25 (citation and internal quotation marks omitted). For that chance to be meaningful, "due process demands that the individual and the government each be afforded the opportunity not only to advance their respective positions but to correct or contradict arguments or evidence offered by the other." *United States v. Abuhamra*, 389 F.3d 309, 322 (2d Cir. 2004); *see also In re Cap. Cities/ABC, Inc.'s Application for Access to Sealed Transcripts*, 913 F.2d 89, 95 (3d Cir. 1990) (news organization unfairly prejudiced by denial of opportunity to "directly rebut the reasons" offered for secrecy). For that reason, this Court recently ordered a district court to reconsider denying an application to unseal investigative materials related to then-Senator Burr without providing any access to the Government's opposition briefing. *See In re L.A. Times Commc'ns LLC*, 28 F.4th at 298–99.

The subsequent proceedings in that matter highlight the wisdom of that holding. On remand, the district court ordered the Government to file its proposed redactions publicly, accompanied by a public brief justifying them. *See In re L.A. Times Commc'ns LLC*, 2022 WL 3714289, at \*3. The *Los Angeles Times*, able to review the Government's justifications as well as the context and extent of its proposed redactions, was able to infer that the Government had redacted public

8

information while insisting that an implausibly large share of the records' contents consisted of grand jury material. Prodded by the district court to explain how its redactions squared with "Circuit law permitting disclosure of information coincidentally before the grand jury that does not elucidate the grand jury's inner workings," the Government then conceded that most of the redactions it had originally sought could not be squared with this Court's precedent. *Id.* at *4. But if not for the public's ability to review and challenge those justifications, the Government might have escaped "compliance with the Circuit's mandate." *Id.*

This Court should reject the Government's bid to avoid such scrutiny here. The parties should be ordered to publicly file proposed redacted versions of their filings, accompanied by public justifications, to ensure the public a chance to "directly rebut" their arguments for secrecy. *In re Cap. Cities*, 913 F.2d at 95.

### III. The Government has not justified wholly closing oral argument.

The First Amendment guarantees public access to the oral argument unless "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enter. Co. v. Superior Court*, 464 U.S. 501, 510 (1984); *see United States v. Moussaoui*, 65 F. App'x 881, 890–91 (4th Cir. 2003). The Government cannot make that showing here in light of the less-restrictive alternative of "bifurcated" argument—an approach this Court and other courts

9

have required even where classified material is at stake. *See Moussaoui*, 65 F. App'x at 890–91.

The Government's only contrary authority rejects the argument that a *district court* must divvy up proceedings "minute to minute" depending on whether grand jury material is under discussion. *United States v. Smith*, 123 F.3d 140, 153 (3d Cir. 1997). But this Court has already observed that "appellate courts have a comparative advantage over district courts" in administering that line, "enabl[ing] [them] to determine whether discussion of grand jury matters at oral argument will be needed." *In re Motions of Dow Jones & Co.*, 142 F.3d 496, 502 (D.C. Cir. 1998). It is difficult to credit the suggestion that discussion of genuinely secret grand jury matters cannot be limited to a discrete portion of the argument—not just because of the extensive information that is already public, but also because the Government's own response concedes that some of the questions of law presented in this appeal can, in fact, "be separated from sensitive facts." Gov't Resp. at 4.[4]

Those questions of law, which could "result in precedent-setting rulings about the extent to which lawmakers can be shielded from scrutiny in criminal investigations," are at the heart of the public interest in this case. Josh Gerstein &

---

[4] The Reporters Committee agrees with the Government that the common law and First Amendment require access to a redacted transcript of any closed session.

10

Kyle Cheney, *Secret Hold Restricts DOJ's Bid to Access Phone of Trump Ally Rep. Scott Perry*, POLITICO (Jan. 30, 2023), https://perma.cc/B58S-MBCM.

## CONCLUSION

For the foregoing reasons and those in its motion to unseal, the Reporters Committee respectfully urges this Court to unseal its own orders; unseal the filings related to the Reporters Committee and the House's motions, which contain no sensitive information; order that the parties publicly file proposed redacted versions of their filings—accompanied by public justifications to which the public can meaningfully respond—no later than February 22; and provide for public access, at least in part, to the oral argument scheduled for February 23.

Date:  February 15, 2023            */s/ Katie Townsend*
                                    Katie Townsend
                                    *Counsel of Record*
                                    Grayson Clary
                                    REPORTERS COMMITTEE FOR
                                      FREEDOM OF THE PRESS
                                    1156 15th St. NW, Suite 1020
                                    Washington, D.C. 20005
                                    Telephone: (202) 795-9300
                                    Facsimile: (202) 795-9310

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type volume requirements of Fed. R. App. P. 27(d)(2)(a) and Circuit Rule 27(a)(2) because it contains 2,589 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface and type style requirements of Fed. R. App. P. 27(d)(1)(E) and Circuit Rule 27(a)(2) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

Date: February 15, 2023              */s/ Katie Townsend*
                                     Katie Townsend
                                     *Counsel of Record*