# Attachment 3

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

[SCHEDULED FOR ORAL ARGUMENT ON FEBRUARY 23, 2023]

|  |  |
|---|---|
| In re: Sealed Case | Case No. 23-3001 |
|  | FILED UNDER SEAL |

## OPPOSITION OF THE UNITED STATES TO MOTION TO ALLOW ACCESS TO THE SEALED RECORD

This is an appeal by Representative Scott G. Perry from an order of the district court directing Rep. Perry to disclose records from a forensic copy of his personal cell phone seized by the government pursuant to a search warrant. Rep. Perry contends that the district court's order contravenes the Speech or Debate Clause of the Constitution.

This Court granted Rep. Perry's motion for a stay pending appeal and entered an expedited briefing order. The Court's order directed the parties to address four issues in their briefs:

1. Whether this court has jurisdiction under 28 U.S.C. § 1291, the collateral order doctrine, mandamus, or some other theory;

2. Whether the Speech or Debate Clause of the Constitution protects informal legislative fact-finding by individual members of Congress in the absence of official authorization;

3. Whether the Speech or Debate Clause's non-disclosure privilege extends to communications between members of Congress and either private parties or members of the Executive Branch; and

4. What specific documents or categories of documents are protected under the governing legal standards, including discussion of the categories of documents identified by the district court.

Rep. Perry's brief due is on February 6, 2023, the government's brief is due on February 16, and oral argument is to be held on February 23.

Rep. Perry has now filed a motion to "allow access to the sealed record by designated persons in the Office of the General Counsel for the U.S. House of Representatives." Motion at 4. According to Rep. Perry, "due to the important constitutional issues involved, it is important for the House Counsel to review the sealed record so that it may consider whether to seek authorization from this Court to submit an amicus curiae brief that offers information and expertise on the issues presented." Motion at 3. Rep. Perry's motion refers specifically to issues (2) and (3) in this Court's briefing order, presumably identifying those as the "important constitutional issues" that the House of Representatives may want to address in an amicus brief.

The government would not oppose amicus participation by the House of Representatives but opposes Rep. Perry's motion requesting that House Counsel receive "access to the sealed record." Motion at 4. This matter involves the execution of a warrant in an ongoing criminal investigation and therefore the proceedings in the district court are properly under seal. Rep. Perry's request to

allow House Counsel to access the entire sealed record is unwarranted and overbroad.

Permitting access to the entire sealed record regarding the search warrant in this matter could jeopardize an ongoing criminal investigation. Warrant proceedings and materials are routinely kept under seal to avoid compromising active criminal investigations. *See, e.g.*, *Times Mirror Company v. United States*, 873 F.2d 1210, 1212-21 (9th Cir. 1989) ("warrant proceedings and materials should not be accessible to the public, at least while a pre-indictment investigation is still ongoing"); *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 62 (4th Cir.1989) ("the need for sealing affidavits may remain after execution and in some cases even indictment"); *In re Search Warrants for National Builder Corp.*, 833 F. Supp 644, 645-46 (N.D. Ohio 1993) (grand jury target was not entitled to the unsealing of a search warrant affidavit if it would compromise an ongoing investigation). And courts have traditionally been "highly deferential to the government's determination that a given investigation requires secrecy and that warrant materials be kept under seal." *Times Mirror Co.*, 873 F.2d at 1214.

Moreover, the scope of Rep. Perry's unsealing request is vague and therefore it is not clear what his request would reach. Rep. Perry merely requests that House Counsel receive access to "the sealed record." Motion at 4. But the sealed record in this matter contains materials that Rep. Perry himself cannot

access (and should not be entitled to access), including the affidavit submitted in support of probable cause to issue the warrant. The House of Representatives should not have access to materials that Rep. Perry himself cannot access and that are entirely unnecessary for House Counsel to evaluate whether to seek to participate as amicus. But granting Rep. Perry's unfocused unsealing request would lead to just that.

The government does not oppose disclosing to House Counsel that this Court has ordered briefing on the two legal issues specifically noted in Rep. Perry's motion (issues (2) and (3) above), which are presumably the "important constitutional issues" that Rep. Perry believes the House of Representatives may wish to address in an amicus brief. The government would also be open to consideration of a narrower unsealing request if Rep. Perry were to identify specific documents (by ECF number) and specific portions of those documents containing non-factual legal discussion and analysis that he believes would assist House Counsel in determining whether to file an amicus brief. But the broad access to the entire sealed record that Rep. Perry requests is unwarranted, could jeopardize an ongoing criminal investigation, and should be rejected.[1]

---

[1] Rep. Perry's request is also last-minute. As the district court noted, "[d]uring all the months this case has been pending," Rep. Perry "has thus far failed to request that the Court grant access to the sealed proceedings in this case so that the General Counsel of the House of Representatives may directly

## CONCLUSION

Rep. Perry's motion should be denied.

Respectfully submitted,
JACK SMITH
Special Counsel

By: /s/ *John M. Pellettieri*
John M. Pellettieri
Assistant Special Counsel
███████████
███████

---

represent Congress' institutional prerogatives." Dkt. 31, at 11 (internal citation and quotation marks omitted).

# ADDENDUM

## Certificate of Parties and Amici Curiae

The parties that appeared in the district court and that are now before this Court are the United States and Representative Scott Perry. There are no amici curiae or intervenors.

# CERTIFICATE OF COMPLIANCE

I hereby certify that this response satisfies the type-volume limitation in Fed. R. App. P. 27(d)(2)(A), because it contains 892 words. The foregoing also complies with the typeface and type-style requirements of Fed. R. App. P 32(a)(5) and Fed. R. App. P 32(a)(6) because it has been prepared in proportionally spaced, 14-point font serif typeface using Microsoft Word for Microsoft 365.

                                           */s/ John M. Pellettieri*
                                           John M. Pellettieri
                                           Assistant Special Counsel

# CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit via email on January 27, 2023, before 5 p.m. I certify that service will be accomplished to following counsel for Representative Scott Perry by email:

John S. Irving
E&W LAW, LLC
1455 Pennsylvania Avenue, N.W., Suite 400
Washington, D.C. 20004
(301) 807-5670
john.irving@earthandwatergroup.com

John P. Rowley III
JPRowley Law PLLC
1701 Pennsylvania Avenue, NW, Suite 200
Washington, D.C. 20006
(202) 525-6674
john.rowley@jprowleylaw.com

/s/ *John M. Pellettieri*
John M. Pellettieri
Assistant Special Counsel
███████████
███████