# Attachment 8





U.S. Department of Justice

Special Counsel's Office

January 30, 2023

Honorable Mark Langer
Clerk of the Court
U.S. Court of Appeals for the District of Columbia Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Ave., NW, Room 5205
Washington, DC  20001

      Re:    *In re Sealed Case*, No. 23-3001

Dear Mr. Langer:

      Pending before the Court in the above-referenced matter is a motion by appellant Representative Scott G. Perry to "allow access to the sealed record by designated persons in the Office of the General Counsel for the U.S. House of Representatives." Motion at 4. According to Rep. Perry, "it is important for the House Counsel to review the sealed record so that it may consider whether to seek authorization from this Court to submit an *amicus curiae* brief that offers information and expertise on the issues presented." Motion at 3. On January 27, 2023, House Counsel filed its own motion for access to the sealed record. The government provides this letter to notify the Court of recent developments that may avoid the need for this Court's intervention.

      The government opposed Rep. Perry's request to permit House Counsel access to the entire sealed record in this case but stated that it would be open to consideration of a narrower unsealing request if Rep. Perry were to identify specific documents and specific portions of those documents containing non-factual legal discussion and analysis that he believes would assist House Counsel in determining whether to file an amicus brief. Rep. Perry subsequently filed a reply in which he identified specific documents that he believes would assist House Counsel. The government reviewed those documents and informed Rep. Perry that it would not oppose partial unsealing of all but two of the identified documents with specific redactions, which the government proposed to Rep. Perry by providing him copies of the documents with red boxes around the text that the government would redact before providing to House Counsel.[1] Rep. Perry has informed the government

---

[1] The government informed Rep. Perry that it opposes providing House Counsel with access to the two *ex parte* filings listed by Rep. Perry in his reply. The government does not possess those filings and has not seen them but assumes that

(through counsel) that he takes no position on whether the partial unsealing proposed by the government would be "sufficient for the House to intelligently weigh in on the issues identified by the Court of Appeals."

The government intends to file a motion with the district court today requesting partial unsealing of the documents listed by Rep. Perry in his reply (all except for the two *ex parte* filings) with the redactions proposed by the government. The government will inform House Counsel that it is filing this motion, and if the district court grants the motion, the government will promptly provide the redacted documents to House Counsel. Upon receiving the documents, House Counsel may well conclude that these redacted documents are sufficient for it to determine whether to seek to participate in this case as amicus curiae. This process may adequately resolve both Rep. Perry's motion for unsealing and the motion filed by House Counsel seeking access to the sealed materials in the district court.

The government respectfully requests that you provide this letter to the panel that will be ruling on the motions filed by Rep. Perry and House Counsel.

                Respectfully submitted,

                JACK SMITH
                Special Counsel

By:   /s/ *John M. Pellettieri*
       John M. Pellettieri
       Assistant Special Counsel
       ███████
       ███████

cc:    John P. Rowley, Esq.
       John S. Irving, Esq.

---

they contain factual material that should remain under seal.